(January 3, 1995)

■ Lumbermens Mutual Casualty Company, Appellant, v Andrea Moyler, Respondent. [621 NYS2d 35] —Order, Supreme Court, New York County (Diane A. Lebedeff, J.), entered December 6, 1993, inter alia, denying petitioner's application for a permanent stay of arbitration, unanimously reversed, on the law, without costs or disbursements, the application granted and arbitration permanently stayed.

Respondent was allegedly injured on August 10, 1990, when, while operating a motor vehicle owned by Theodore H. Goodwine and insured by petitioner, she was involved in a four-car accident. She thereafter served a demand for arbitration under the uninsured motorist endorsement issued to Goodwine, alleging her involvement in an "uninsured motorist" accident. Apparently, the driver of the fourth vehicle, after seeing the damage caused, fled the scene of the accident without being identified. Petitioner moved for a permanent stay of arbitration on the grounds that respondent had failed to comply with certain conditions precedent of the uninsured motorist endorsement, including the requirement to submit a proof of claim, to submit to a physical examination and to forward to it a copy of the summons and complaint served in respondent's action against the two drivers. Although respondent did not deny that she failed to comply with these conditions or offer any excuse for her failure to do so, the IAS Court denied the requested stay finding that "[i]n light of the fact that respondent was not a party to the applicable insurance policy * * * any lack of technical compliance with the terms of the policy is excusable." This is not an accurate statement of the law. Under the definitions contained in the uninsured motorist endorsement, respondent, as a result of

"occupying * * * an automobile owned by the named insured" is herself an insured. She does not claim that she was unaware of or unable to ascertain the endorsement's requirements. Since, at least as to the notice of legal action condition, it is clear from this record that respondent delayed at least three years, without any explanation whatever, even now, in forwarding a copy of the summons and complaint served on the two drivers to petitioner, in obvious violation of the endorsement's requirement that such process "be forwarded immediately to the company by the insured or [her] legal representative", the arbitration should be stayed. *(See, Brown v MVAIC,* 33 AD2d 804.) Concur—Murphy, P. J., Sullivan, Kupferman, Asch and Tom, JJ.