■ STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent-Appellant, v MAXINE P. CLIFT et al., Appellants-Respondents. [671 NYS2d 843] —Crew III, J. Cross appeals from an order of the Supreme Court (Coutant, J.), entered June 30, 1997 in Broome County, which denied the parties' respective motions for summary judgment.

On January 15, 1994, defendant Maxine P. Clift (hereinafter defendant) allegedly sustained certain injuries in an automobile accident in Virginia. Shortly thereafter, defendant retained counsel in Virginia and, in April 1995, commenced a personal injury action against the driver of the vehicle in which she was riding at the time of the accident.

During the course of pursuing the Virginia action defendant's attorney, John Ellis, became aware that defendant might be eligible for the supplementary underinsured motorist coverage provided under various policies issued by plaintiff to defen-

dant's spouse, defendant William W. Clift. To that end, Ellis arranged for a copy of the motion for judgment* in the Virginia action to be forwarded to plaintiff. Plaintiff concedes that such papers were served upon its registered agent in Virginia on or about September 15, 1995 and acknowledges that it confirmed on October 2, 1995 that defendant had not previously provided written notice of her January 1994 accident. By letter dated October 27, 1995, plaintiff disclaimed liability based upon, *inter alia*, defendants' failure to give timely written notice of the underlying claim.

Plaintiff thereafter commenced this declaratory judgment action seeking, *inter alia*, a declaration that it properly disclaimed liability and had no duty to indemnify defendants. Following joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint contending, *inter alia*, that plaintiff's delay in disclaiming was unreasonable as a matter of law. Plaintiff opposed the motion and cross-moved for summary judgment asserting, *inter alia*, that the delay at issue was reasonable under the circumstances and had been adequately explained. Supreme Court denied the respective motions and these appeals ensued.

We affirm, albeit for reasons somewhat different than those expressed by Supreme Court. Insurance Law § 3420 (d) requires that an insurer notify its insured of its intent to disclaim liability or deny coverage "as soon as is reasonably possible". The insurer's failure to comply with the statutory requirement renders the denial or disclaimer ineffective, regardless of whether the insured gave timely notice of the claim or accident (*see, Matter of State Farm Mut. Auto. Ins. Co. [Merrill]*, 192 AD2d 824, 825; *see also, Matter of Nationwide Mut. Ins. Co. v Steiner*, 199 AD2d 507) or was in any way prejudiced by the delay (*see, Dependible Janitorial Servs. v Transcontinental Ins. Co.*, 212 AD2d 946, 947, *lv denied* 85 NY2d 811). The reasonableness of any delay must be judged from the point in time when the insurer is possessed of sufficient facts upon which to base a denial or disclaimer (*see, Matter of State Farm Mut. Auto. Ins. Co. [Merrill], supra,* at 826; *see also, Matter of Allcity Ins. Co. [Jimenez]*, 78 NY2d 1054, 1056; *Matter of State Farm Mut. Auto. Ins. Co. v Cote*, 200 AD2d 622, 623) and generally is a question of fact for a jury to resolve (*see, Dependible Janitorial Servs. v Transcontinental Ins. Co., supra,* at 947).

On appeal, the parties offer three potential dates from which

---

* A motion for judgment in Virginia appears to be the equivalent of a summons and complaint in this State.

the period of delay should be measured: (1) September 15, 1995, the date upon which plaintiff concededly received the motion for judgment in the Virginia action; (2) September 25, 1995, the date upon which Patricia Gogerty, a claim specialist in plaintiff's Manassas, Virginia, field office, confirmed that plaintiff first received notice of the accident upon "receipt of the suit papers" on September 15, 1995 (which, plaintiff argues, suggests only that there was no prior record of a claim having been filed in Virginia); or (3) October 2, 1995, the date upon which Richard Grundhofer, a claim superintendent in plaintiff's Vestal, New York, office, confirmed that no claim had been filed in this State either. The starting point for the delay need not detain us, however, as we are of the view that regardless of the date employed, the record is sufficient to raise a question of fact as to the reasonableness of the ensuing delay—be it 42 days (Sept. 15, 1995 to Oct. 27, 1995), 32 days (Sept. 25, 1995 to Oct. 27, 1995) or 25 days (Oct. 2, 1995 to Oct. 27, 1995). Specifically, the affidavit submitted by Grundhofer detailing plaintiff's investigative efforts between September 15, 1995 and October 27, 1995, although falling short of establishing plaintiff's entitlement to judgment as a matter of law, is sufficient to defeat defendants' motion for summary judgment dismissing the complaint. Accordingly, Supreme Court's order is affirmed.

Cardona, P. J., Mikoll, Mercure and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.