■ MOHAWK MINDEN INSURANCE COMPANY, Appellant, v PHILLIPS M. FERRY, JR., et al., Respondents. [674 NYS2d 512] —Mikoll, J. P. Appeal from an order of the Supreme Court (Best, J.), entered October 28, 1997 in Montgomery County, which, *inter alia*, granted defendants' motion for summary judgment and made a declaration in their favor.

On November 7, 1992, nine-year-old Rebecca Ferry was seriously injured while helping her mother feed cows on the family's farm using a forage wagon manufactured by defendant Gehl Company. Her parents, defendants Phillips M. Ferry, Jr. and Susan E. Ferry (hereinafter the Ferrys), did not report the accident to their insurer, plaintiff, when it occurred. In March 1996, defendant Mary G. Ferry, Rebecca's grandmother and the guardian of her property, commenced an action in Federal District Court against Gehl, which thereafter commenced a third-party action against the Ferrys for indemnification and contribution. On September 27, 1996, the day after they received the third-party complaint, the Ferrys forwarded it to plaintiff along with a notice of loss form. In October 1996, counsel retained by plaintiff to defend the Ferrys served a third-party answer and cross claim and discovery demands.

By letter to the Ferrys dated November 19, 1996, plaintiff reserved its rights to deny coverage based upon the Ferrys' failure to timely report the accident and based as well on certain policy exclusions, terms or conditions. On November 20, 1996, plaintiff commenced this action against the Ferrys, the guardian and Gehl, seeking a judgment declaring that it was not obligated to defend or indemnify the Ferrys. The Ferrys received the complaint on December 26, 1996. Defendants then moved for summary judgment dismissing plaintiff's complaint and seeking a declaration that plaintiff is fully obligated under the policy to defend and indemnify the Ferrys; plaintiff cross-moved for summary judgment for the relief sought in the complaint. Finding that plaintiff failed to timely notify the Ferrys of its disclaimer pursuant to Insurance Law § 3420 (d), Supreme Court granted defendants' motion and ordered a hearing to set reasonable counsel fees for the Ferrys. Plaintiff appeals.

Insurance Law § 3420 (d) requires that an insurer notify an insured of its intention to disclaim liability or deny coverage "as soon as is reasonably possible", failing which the disclaimer or denial will be ineffective (*see, Hartford Ins. Co. v County of Nassau*, 46 NY2d 1028; *Dependible Janitorial Servs. v Transcontinental Ins. Co.*, 212 AD2d 946, *lv denied* 85 NY2d 811). The insurer has the burden of justifying any delay in issuing a disclaimer (*see, Hartford Ins. Co. v County of Nassau, supra*), and the reasonableness of the delay is to be determined from the time at which the insurer is aware of sufficient facts upon which to base a disclaimer (*see, Matter of State Farm Mut. Auto. Ins. Co. [Merrill]*, 192 AD2d 824, 826; *Nova Cas. Co. v Charbonneau Roofing*, 185 AD2d 490, 492). While generally

the reasonableness of a particular delay is a question of fact requiring consideration of the totality of the circumstances, a lengthy delay, or one for which no adequate explanation is offered, will be found to be unreasonable as a matter of law (*see, id.*). Moreover, an insurer who fails to disclaim coverage as soon as reasonably possible cannot justify its failure to do so on the insured's late notice (*see, Matter of State Farm Mut. Auto. Ins. Co. [Merrill], supra*).

Applying these principles to the facts herein, we conclude that Supreme Court properly granted summary judgment to defendants. Plaintiff possessed sufficient information upon which to base a disclaimer on September 27, 1996 when it received the third-party complaint, the original complaint against Gehl and the Ferrys' notice of loss form. These documents disclosed the date of the accident (and thus the fact of the Ferrys' lack of earlier notice), the relationship of the parties, the nature of the accident, the extent of the child's injuries and the fact that the claim was for contribution or indemnification. Plaintiff's November 19, 1996 reservation of rights letter did not constitute an effective disclaimer, nor did plaintiff formally issue such a disclaimer except inferentially by commencement of this action, notice of which the Ferrys received on December 26, 1996, 90 days after plaintiff received notice of the claim. Plaintiff has failed to advance any concrete justification for its delay in disclaiming beyond alleging generally that it required time to investigate the claim, without offering any factual support therefor (*see, Dependible Janitorial Servs. v Transcontinental Ins. Co.*, 212 AD2d 946, 948, *supra*).

Plaintiff alternatively contends that no coverage existed under the policy and that therefore the timely disclaimer provisions do not apply. While it is true that the failure to serve a timely disclaimer is of no effect where an insurer denies a claim based upon lack of coverage (*see, Zappone v Home Ins. Co.*, 55 NY2d 131, 134; *Greater N. Y. Mut. Ins. Co. v Clark*, 205 AD2d 857, 858, *lv denied* 84 NY2d 807), this principle has no application here. Although the policy specifically excludes liability for the insureds, resident relatives and persons under the age of 21, it does not explicitly exclude coverage as to indemnification claims (*see, Campanile v State Farm Gen. Ins. Co.*, 161 AD2d 1052, 1054, *affd* 78 NY2d 912). The liability in question is the Ferrys' potential liability to Gehl on the latter's claim for indemnification, not their liability to the child. Moreover, while the policy specifically excludes indemnification claims with respect to injuries sustained by farm employees, it contains no corresponding exclusion for indemnification claims with re-

spect to relatives of the insured. Absent "explicit exclusion of coverage as to cross claims for indemnification", the policy language must be construed in favor of the insured (*id.*, at 1054).

Nor do we find error in Supreme Court's award of counsel fees and costs to the Ferrys for representation in the declaratory judgment action (*see, Mighty Midgets v Centennial Ins. Co.*, 47 NY2d 12, 21).

Mercure, Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, with costs.