■ MICHELE CROWNINGSHIELD, Appellant, v NATIONWIDE MUTUAL INSURANCE COMPANY, Respondent, and ELBERT H. WATROUS, JR., Appellant. [680 NYS2d 302] —Crew III, J. Appeal from a judgment of the Supreme Court (Caruso, J.), entered

December 12, 1997 in Schenectady County, which, *inter alia*, granted defendant Nationwide Mutual Insurance Company's cross motion for summary judgment dismissing the complaint against it.

On March 17, 1994, plaintiff was involved in a two-car accident in the Town of Rotterdam, Schenectady County. According to the accident report, plaintiff's vehicle was struck by a vehicle owned by Kelly F. Kearney and operated by Thomas J. Kearney, the latter of whom allegedly failed to obey a stop sign. At the time of the accident, plaintiff was insured by defendant Nationwide Mutual Insurance Company (hereinafter defendant) and the Kearney vehicle was insured by National Grange Mutual Insurance Company.

In May 1994 plaintiff, who allegedly sustained certain injuries to her head, neck, shoulder, back and left knee, filed an application with defendant for no-fault benefits and, in September 1994, retained defendant Elbert H. Watrous, Jr. to represent her in connection with the underlying accident. Although Watrous apparently contacted the Kearneys' insurance carrier in September 1994 and advised of his representation, he purportedly did not learn until September 1996 that the maximum coverage available under the Kearneys' policy was $10,000. According to Watrous, he then advised plaintiff of this fact and urged her to contact her agent to determine if she had supplementary uninsured motorist (hereinafter SUM) coverage under her policy with defendant. Although not entirely clear from the record, it appears that plaintiff discovered that she indeed had such coverage in September 1996 or October 1996.

While plaintiff and Watrous dispute precisely what occurred next, the record indicates that plaintiff subsequently retained the law firm formerly known as Finkelstein, Levine, Gittelsohn & Tetenbaum, which filed an application for SUM benefits on behalf of plaintiff on or about February 5, 1997. When no response from defendant was forthcoming, plaintiff apparently retained her present counsel, Frank Putorti, who, by letter dated February 22, 1997, advised defendant of plaintiff's intention to file a claim for SUM benefits under her policy. By letter dated March 7, 1997, defendant denied coverage based upon plaintiff's failure to provide notice of the SUM claim in a timely fashion.

Plaintiff thereafter commenced this action against defendant and Watrous contending, *inter alia*, that defendant had breached its contract with her and seeking, *inter alia*, a declaration that her notice of her SUM claim was timely. Following joinder of issue, plaintiff moved for summary judgment and de-

fendant cross-moved for similar relief. In response thereto, Watrous filed papers in support of that portion of plaintiff's motion seeking summary judgment against defendant, contending that defendant had failed to deny coverage in a timely fashion and, hence, was precluded from asserting that plaintiff failed to comply with the notice provisions contained in the underlying insurance policy. Supreme Court thereafter denied plaintiff's motion and granted defendant's cross motion finding, *inter alia*, that defendant's denial of coverage was timely as a matter of law. This appeal by plaintiff and Watrous ensued.

Although we agree with Supreme Court that plaintiff's notice of claim for SUM benefits was untimely as a matter of law, we must first consider whether defendant's denial of coverage was timely. In accordance with Insurance Law § 3420 (d), an insurer is obligated to notify its insured of its intent to disclaim liability or deny coverage "as soon as is reasonably possible". As this Court recently reiterated, "[t]he insurer's failure to comply with the statutory requirement renders the denial or disclaimer ineffective, regardless of whether the insured gave timely notice of the claim or accident * * * or was in any way prejudiced by the delay" (*State Farm Mut. Auto. Ins. Co. v Clift*, 249 AD2d 800, 801 [citations omitted]). Whether a particular delay is reasonable under the circumstances generally is a question of fact for a jury (*see, id.*, at 801; *Dependible Janitorial Servs. v Transcontinental Ins. Co.*, 212 AD2d 946, 947, *lv denied* 85 NY2d 811), with the reasonableness of such delay to be judged from the point in time when the insurer becomes possessed of sufficient facts upon which to base a denial or disclaimer (*see, State Farm Mut. Auto. Ins. Co. v Clift, supra*, at 801; *Matter of State Farm Mut. Auto. Ins. Co. [Merrill]*, 192 AD2d 824, 826).

Here, the record indicates that the Finkelstein law firm filed an application for SUM benefits on behalf of plaintiff on or about February 5, 1997. As defendant did not deny coverage until March 7, 1997, we plainly are faced with a delay of approximately 30 days. Although defendant argues that any delay of 30 days or less is reasonable as a matter of law, we decline the invitation to adopt such a bright-line rule. Rather, we view the record as a whole, and more particularly the supplemental affidavit submitted by defendant's claims representative, Dacia Burke, as being sufficient to raise a question of fact as to the reasonableness of defendant's delay in denying coverage. Accordingly, Supreme Court erred in concluding that defendant's denial of coverage was timely as a matter of law.

Cardona, P. J., Mikoll, White and Yesawich Jr., JJ., concur.

Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as granted defendant Nationwide Mutual Insurance Company's cross motion for summary judgment dismissing the complaint against it; cross motion denied; and, as so modified, affirmed.