■ In the Matter of ALLSTATE INSURANCE COMPANY, Respondent, v KARIN KRUGER, Appellant. [694 NYS2d 132] —In a proceeding to permanently stay an uninsured motorist arbitration, Karin Kruger appeals from an order of the Supreme Court, Orange County (Owen, J.), dated June 22, 1998, which granted the petition.

Ordered that the order is affirmed, with costs.

On April 22, 1994, the appellant, while insured by the petitioner Allstate Insurance Company (hereinafter Allstate), was in an automobile accident with another vehicle. The appellant claims that shortly after the accident she retained her present counsel who, by letter dated October 20, 1994, advised Allstate that she was making a claim under the supplementary

uninsured motorists endorsement of her policy. Allstate denies receiving this letter.

By summons and complaint dated July 29, 1996, the appellant commenced a personal injury action against the alleged tortfeasor. It is undisputed that a copy of the summons and complaint was never forwarded to Allstate, as required by the policy. Kruger thereafter demanded arbitration of her underinsured motorist claim. Allstate commenced this proceeding to permanently stay arbitration on the grounds that Kruger failed to give Allstate timely written notice of her intention to make a claim and that she failed to forward a copy of the summons and complaint to Allstate, as required by the policy.

The Supreme Court properly granted the petition on the ground that Kruger failed to provide Allstate with a copy of the summons and complaint. It is undisputed that Kruger breached a condition of her policy by instituting a personal injury action against the owner of the other automobile involved in the accident without forwarding to Allstate a copy of the summons and complaint (*see, Lumbermens Mut. Cas. Co. v Moyler,* 211 AD2d 401; *Brown v MVAIC,* 33 AD2d 804). Contrary to Kruger's contention, the absence of prejudice on the part of Allstate cannot cure her failure to forward a copy of the summons and complaint to Allstate as required under the policy (*see, State Farm Mut. Auto. Ins. Co. v Romero,* 109 AD2d 786; *cf., New York Mut. Underwriters v Kaufman,* 257 AD2d 850).

Kruger's remaining contention is without merit. Ritter, J. P., Thompson, Joy and H. Miller, JJ., concur.