■ In the Matter of Nationwide Insurance Company, Respondent, v Walter F. Lukas, Appellant. [695 NYS2d 132] —In a proceeding pursuant to CPLR article 75 to permanently stay the arbitration of a claim for underinsured motorist benefits, the appeal is from an order of the Supreme Court, Nassau County (DeMaro, J.), dated July 29, 1998, which granted the petition.

Ordered that the order is affirmed, with costs.

On October 1, 1994, the appellant was injured in an

automobile accident. On October 18, 1994, he informed his insurance carrier, the petitioner Nationwide Insurance Company (hereinafter Nationwide), of his claim for underinsurance coverage. The supplementary uninsured motorists endorsement contained in the policy issued to him by Nationwide specified that if he commenced a lawsuit against the tortfeasor, he must "immediately" forward a copy of the summons and complaint to it. Although the appellant commenced such a lawsuit on or about August 15, 1995, he did not timely forward copies of the summons and complaint. In early February 1998 Nationwide received confirmation that the lawsuit had been commenced. On February 24, 1998, Nationwide disclaimed coverage on the grounds that the appellant failed to comply with that provision, and that the appellant failed to comply with its request for authorizations to obtain relevant medical reports and records. The summons and complaint were not forwarded to Nationwide until March 1998.

The appellant then served a demand for arbitration under the supplementary uninsured motorists endorsement. Nationwide sought a permanent stay of arbitration on the ground that the appellant had failed to timely comply with the conditions precedent of that endorsement.

The Supreme Court properly granted the petition since Nationwide established that the appellant waited approximately 2½ years after commencement of the underlying lawsuit before forwarding to it a copy of the summons and complaint and failed to adequately comply with the request for medical authorizations (*see, Lumbermens Mut. Cas. Co. v Moyler,* 211 AD2d 401; *Shutter v Nationwide Mut. Ins. Co.,* 205 AD2d 817; *Matter of Preferred Mut. Ins. Co. [Sullivan],* 199 AD2d 719; *Brown v MVAIC,* 33 AD2d 804).

We reject the appellant's contention that Nationwide waived its right to disclaim coverage by waiting over three years after it was first notified of the underinsurance claim. An insurance carrier must give written notice of disclaimer on the ground of late notice "as soon as is reasonably possible after it first learns of the accident or of grounds for disclaimer of liability" (*Matter of Firemen's Fund Ins. Co. v Hopkins,* 88 NY2d 836, 837; *Hartford Ins. Co. v County of Nassau,* 46 NY2d 1028, 1029; *see, Allstate Ins. Co. v Gross,* 27 NY2d 263). Here, Nationwide gave written notice of disclaimer approximately 20 days after it possessed sufficient facts upon which to base its disclaimer on the ground that the appellant had commenced the underlying action without immediately forwarding a copy of the summons and complaint (*see, State Farm Mut. Auto. Ins. Co. v Clift,* 249

AD2d 800). Mangano, P. J., Santucci, Krausman, Florio and H. Miller, JJ., concur.