■ Dana Hess, Appellant, v Nationwide Mutual Insurance Company, Respondent. [709 NYS2d 701] —Lahtinen, J. Appeal from an order of the Supreme Court (Hughes, J.), entered September 27, 1999 in Albany County, which granted defendant's motion for, *inter alia*, partial summary judgment dismissing plaintiff's second cause of action.

On June 12, 1995 plaintiff was involved in an automobile accident with another vehicle. By letter dated July 11, 1995 plaintiff's counsel notified defendant, plaintiff's automobile insurance carrier, that plaintiff had been injured in the June 12, 1995 accident and of the potential for an *uninsured* motorist claim under her policy. By letter dated August 2, 1995 defendant informed plaintiff's counsel that its investigation determined that the other involved vehicle had liability coverage and, therefore, uninsured coverage was unavailable under plaintiff's policy. Plaintiff commenced the underlying negligence action on October 18, 1996. It is not disputed that a copy of the summons and complaint in that action was never forwarded to defendant.

On February 6, 1998 plaintiff's counsel wrote to defendant, reminding them of his July 11, 1995 letter notifying them of a potential *underinsured* motorist claim, advising that plaintiff had been offered the full amount of the policy in the underlying action and demanding payment of the full $50,000 underinsured coverage available under plaintiff's policy. A follow-up letter from plaintiff's counsel on February 18, 1998 requested defendant to advise plaintiff's counsel of its position regarding plaintiff's underinsured motorist claim. By letter dated March 5, 1998 defendant wrote "to respond to your July 11, 1995 notice of claim for uninsurednderinsured motorist benefits" and denied plaintiff's claim for underinsured motorist benefits based on plaintiff's failure to comply with condition No. 4 of the supplementary uninsured motorist (SUM) endorsement of her policy, which required as follows: "4. Notice of Legal Action: If the insured or such insured's legal representative brings any lawsuit against any person or organization legally responsible for the use of a motor vehicle involved in the accident, a copy of the summons and complaint or other process served in connection with the lawsuit shall be forwarded immediately to us by the insured or the insured's legal representative."

Plaintiff thereafter commenced this action against defendant for refusal to pay no-fault benefits (first cause of action) and to pay her underinsured motorist claim (second cause of action). Defendant moved for partial summary judgment seeking dis-

missal of plaintiff's second cause of action and precluding plaintiff from recovering damages for emotional distress with respect to either cause of action. Supreme Court granted the motion and plaintiff now appeals.

While cognizant of a plethora of precedent requiring dismissal of a claim for underinsured motorist benefits based on a policyholder's failure to comply with a policy condition requiring notification of a lawsuit commenced by the policyholder against a tortfeasor (*see, Matter of Nationwide Ins. Co. v Lukas*, 264 AD2d 778; *Matter of Allstate Ins. Co. v Kruger*, 264 AD2d 443, *lv granted* 94 NY2d 755, *appeal withdrawn* 94 NY2d 944; *Crowningshield v Nationwide Mut. Ins. Co.*, 255 AD2d 813; *Shutter v Nationwide Mut. Ins. Co.*, 205 AD2d 817; *cf., New York Mut. Underwriters v Kaufman*, 257 AD2d 850 [lawsuit commenced *against* the policyholder]), we do not find that issue dispositive of this appeal.

Insurance Law § 3420 (d) requires an insurer to give written notice of a disclaimer of liability or denial of coverage "as soon as is reasonably possible." Failure to do so renders the denial ineffective (*see, Mohawk Minden Ins. Co. v Ferry*, 251 AD2d 846, 847). The timeliness of an insurer's disclaimer, to wit, whether a particular lapse of time is reasonable under the circumstances, is generally a question of fact for a jury (*see, Crowningshield v Nationwide Mut. Ins. Co., supra; Mohawk Minden Ins. Co. v Ferry, supra; State Farm Mut. Auto Ins. Co. v Clift*, 249 AD2d 800; *Murphy v Hanover Ins. Co.*, 239 AD2d 323) and we have declined to adopt a bright-line rule that any delay of 30 days or less in issuing a disclaimer is reasonable as a matter of law (*see, Crowingshield v Nationwide Mut. Ins. Co., supra; cf., Matter of Nationwide Ins. Co. v Lukas, supra*). Plaintiff's first demand for the limits of the underinsured coverage available under her policy with defendant was contained in her letter to defendant dated February 6, 1998. Defendant denied that demand in its March 5, 1998 letter. Based on the record, particularly the correspondence between plaintiff's counsel and defendant from July 11, 1995 to March 5, 1998 and the absence of discussion of this issue in the affidavit of defendant's representative in support of its summary judgment motion, we hold that Supreme Court erred in finding the delay in issuance of defendant's denial letter reasonable as a matter of law.

We agree with Supreme Court that plaintiff should be precluded from recovering damages for emotional distress. As a general rule, there is no right to recover damages for emotional distress in a breach of contract action in this State

(*see*, *Wehringer v Standard Sec. Life Ins. Co.*, 57 NY2d 757; *Tate v Metropolitan Life Ins. Co.*, 186 AD2d 859; *Klein v Empire Blue Cross & Blue Shield*, 173 AD2d 1006, *lv denied* 78 NY2d 863). The attempt by plaintiff's counsel to portray plaintiff's claim for damages for emotional distress as relating solely to her automobile accident is belied by the language of the complaint in this action and her answer to defendant's interrogatories.

Crew III, J. P., Peters, Mugglin and Rose, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendant Nationwide Mutual Insurance Company's motion for partial summary judgment dismissing plaintiff's second cause of action; motion denied to that extent; and, as so modified, affirmed.