■ In the Matter of NATIONWIDE INSURANCE COMPANY, Respondent, v WILLIAM A. SHEDLICK, Appellant. [711 NYS2d 181] —In a proceeding pursuant to CPLR 7503 to permanently stay the arbitration of a claim for underinsured motorist benefits, the appeal is from a judgment of the Supreme Court, Nassau County (DiNoto, J.), entered November 12, 1999, which, upon an order of the same court, dated September 8, 1999, granting the petition, permanently stayed arbitration.

Ordered that the notice of appeal from the order is deemed a premature notice of appeal from the judgment (*see,* CPLR 5520 [c]); and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

On June 6, 1995, the appellant was injured in an automobile accident. Several weeks later, he informed his insurance carrier, the petitioner, Nationwide Insurance Company (hereinafter Nationwide), of his claim for underinsurance coverage. The supplementary uninsured motorists endorsement contained in the policy issued to him by Nationwide specified that if he commenced a lawsuit against a tortfeasor, he must "immediately" forward copies of the summons and complaint to Nationwide. Although the appellant commenced such a lawsuit on or about January 18, 1996, he did not forward copies of the summons and complaint until November 19, 1998. In November 1998 Nationwide disclaimed coverage on the grounds that the appellant failed to comply with that provision. Thereafter, the ap-

pellant served a demand for arbitration under the supplementary uninsured motorists endorsement. Nationwide sought a permanent stay of arbitration on the ground that the appellant failed to timely comply with a condition precedent to recovering payment pursuant to that endorsement.

The Supreme Court properly granted the petition since it was undisputed that the appellant waited more than 2½ years after commencement of the underlying lawsuit before forwarding to Nationwide copies of the summons and complaint (*see, Matter of Nationwide Ins. Co. v Lukas,* 264 AD2d 778; *Lumbermens Mut. Cas. Co. v Moyler,* 211 AD2d 401; *Brown v MVAIC,* 33 AD2d 804). Bracken, J. P., Joy, Thompson, Goldstein and Feuerstein, JJ., concur.