■ In the Matter of VALLEY FORGE INSURANCE COMPANY, Appellant, v MARLENE SCHOFIELD, Respondent, et al., Respondent. [724 NYS2d 870] —In a proceeding, inter alia, to stay arbitration of a claim for supplemental underinsured motorist benefits, the petitioner, Valley Forge Insurance Company, appeals, as limited by its brief, from stated portions of an order of the Supreme Court, Suffolk County (Hall, J.), dated March 2, 2000, which, among other things, denied those branches of its application which were to permanently stay arbitration on the grounds that its insured, Marlene Schofield, failed to provide timely notice of her underlying action against the tortfeasor, and timely notice of her claim for supplemental underinsured motorist benefits, and did not address that branch of its application which was for discovery in the event a stay of arbitration was denied.

Ordered that the order is modified by (1) deleting the provision thereof denying that branch of the petitioner's application which was to permanently stay arbitration on the ground that the insured failed to provide timely notice of her underlying action against the tortfeasor, and substituting therefor a provision granting that branch of the motion to the extent of directing a hearing on the issue of whether the petitioner's disclaimer

of coverage on that ground was timely, and (2) adding thereto a provision directing a hearing on that branch of the petitioner's application which was to permanently stay arbitration on the ground that the insured failed to provide timely notice of her claim for supplemental underinsured motorist benefits; as so modified, the order is affirmed insofar as appealed from, with costs to the petitioner.

The Supreme Court granted the application of the petitioner, Valley Forge Insurance Company (hereinafter Valley Forge), for a permanent stay of arbitration of the claim for supplemental underinsured motorist (hereinafter SUM) benefits by its insured, Marlene Schofield, to the extent of directing a hearing on certain issues. However, the Supreme Court concluded that Schofield was not required to timely provide Valley Forge with a copy of the summons and complaint in her underlying action against the tortfeasor, and the Supreme Court rejected the contention of Valley Forge that it was entitled to a permanent stay of arbitration on that ground.

Schofield failed to timely forward to Valley Forge a copy of the summons and complaint in her action against the tortfeasor, thus violating one of the conditions precedent to her SUM claim, and potentially entitling Valley Forge to a permanent stay of arbitration (*see, Matter of Nationwide Mut. Ins. Co. v Charles,* 275 AD2d 324; *Matter of Nationwide Ins. Co. v Shedlick,* 274 AD2d 519; *Matter of Allstate Ins. Co. v Kruger,* 264 AD2d 443). However, since the record presents a question as to whether the appellant's disclaimer of coverage on this ground was timely (*see, Firemen's Fund Ins. Co. v Hopkins,* 88 NY2d 836; *Ward v Corbally, Gartland & Rappleyea,* 207 AD2d 342), we direct the Supreme Court to resolve this issue in the hearing.

In addition, Schofield correctly concedes on appeal that the Supreme Court erred in determining that Valley Forge had withdrawn its claim that she failed to provide timely notice of her claim for SUM benefits. Whether Schofield's claim for SUM benefits was timely should therefore be determined at a hearing (*see, Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso,* 93 NY2d 487).

We do not consider any issue concerning that branch of Valley Forge's application which sought discovery in the event a stay of arbitration was denied, as the Supreme Court failed to determine that branch of its motion, and it remains pending and undecided (*see, Katz v Katz,* 68 AD2d 536; *Savarese Gen. Contr. v Mychalczak,* 272 AD2d 300). O'Brien, J. P., Krausman, Goldstein and Schmidt, JJ., concur.