■ In the Matter of the Arbitration between GREAT AMERICAN INSURANCE COMPANY, Respondent, and JAMES TOMAINO, Doing Business as ONEONTA ITALIAN BAKERY, Appellant. [741 NYS2d 315] —Mercure, J.P. Appeal from an order of the Supreme Court (Dowd, J.), entered March 26, 2001 in Otsego County, which granted petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties.

On July 5, 1998, while operating his 1997 Toyota automobile, respondent was involved in a collision with a vehicle owned and operated by Kenneth Vervalin. At the time of the accident, respondent had in effect a Liberty Mutual Insurance Company automobile policy covering his vehicle, as well as a commercial automobile policy issued by petitioner covering the three vans respondent used in his bakery business. On August 12, 1998, respondent advised petitioner that his injuries may exceed available insurance policy limits and that notice was being given under the appropriate underinsured motorist or supplemental personal injury protection provisions of his policy. Petitioner responded by letter dated August 21, 1998, stating that there was "no valid underinsured claim" and that respondent's claim for supplementary uninsured motorists (hereinafter SUM) coverage was therefore denied. Then, on February 22, 1999, petitioner advised respondent that, based

---

on its review of the police accident report and the disclosure that at the time of the accident respondent was driving a 1997 Toyota, which was not a "listed" vehicle under its policy, petitioner's representative "was unable to find coverage for [respondent's] loss."

In the meantime, respondent pursued a negligence action against Vervalin. In July 2000, respondent received a settlement offer of $100,000, the full amount of Vervalin's insurance coverage. Respondent then advised petitioner of the settlement offer, gave notice of his intent to pursue a claim under the SUM coverage of petitioner's policy, and sought authorization to settle the action against Vervalin. On October 12, 2000, petitioner gave formal notice of its disclaimer of SUM coverage, setting forth the precise policy provisions forming the basis for its conclusion. Respondent thereafter filed a request for SUM arbitration and petitioner responded by making the present application to stay arbitration. Supreme Court granted the petition, and respondent appeals.

The primary issue presented for our consideration is whether petitioner's policy provided no coverage for the July 5, 1998 accident, in which case petitioner was not required to issue a timely disclaimer, or whether the lack of coverage is based on an exclusion, which would require a timely disclaimer. As quite properly contended by respondent, the factual scenario and policy provisions considered by the Court of Appeals in *Matter of Worcester Ins. Co. v Bettenhauser* (95 NY2d 185) are essentially indistinguishable from those present here, compelling the conclusion that, despite the omission of respondent's Toyota as a "covered auto," the policy issued by petitioner contemplated SUM coverage in the first instance and the denial of SUM coverage to respondent is based on a policy exclusion.

The provision of the SUM endorsement insuring agreement entitled "Damages for Bodily Injury Caused by Uninsured Motor Vehicles" provides: "We will pay all sums that the Insured or the Insured's legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by the Insured, caused by an accident arising out of such uninsured motor vehicle's ownership, maintenance or use, subject to the Exclusions, Conditions, Limits and other provisions of this SUM endorsement."

It is undisputed that, as the named insured on the policy, respondent was the "Insured," that he sustained "bodily injury" in the accident and that, by virtue of its liability limits, the Vervalin vehicle constitutes "an uninsured motor vehicle," as

that term is defined in the SUM endorsement. Notably, as in *Matter of Worcester Ins. Co. v Bettenhauser* (*supra*), the foregoing coverage provision imposes no conditions that are dependent on the vehicle driven (*see, id.* at 190). Rather, the provision denying coverage for bodily injury to an insured occupying a motor vehicle that "is not insured for SUM coverage by the policy under which a claim is made" is contained within exclusion No. 2 of the SUM endorsement. As for petitioner's reliance upon provisions of the policy's business auto coverage form and declarations page, we need merely note that essentially the same argument was unsuccessfully advanced by the Appellate Division majority in *Matter of Worcester Ins. Co. v Bettenhauser* (260 AD2d 488, 491, *revd* 95 NY2d 185).

Having determined that the lack of coverage forming the basis for petitioner's disclaimer is based on an exclusion, it remains to be determined whether a question of fact exists concerning the timeliness of petitioner's notice of disclaimer. Insurance Law § 3420 (d) requires an insurer to give written notice of a disclaimer of coverage "as soon as is reasonably possible," and failure to do so renders the denial ineffective (*see, Hess v Nationwide Mut. Ins. Co.*, 273 AD2d 689, 690; *Mohawk Minden Ins. Co. v Ferry*, 251 AD2d 846, 847). As earlier noted, respondent first placed petitioner on notice of the potential for a claim under the SUM endorsement in August 1998 and asserted an actual claim in July 2000. Petitioner provided no notice containing the required "high degree of specificity of the ground or grounds on which the disclaimer is predicated" (*General Acc. Ins. Group v Cirucci*, 46 NY2d 862, 864) until it issued its formal disclaimer of coverage in October 2000, more than two years following the initial notice to petitioner and three months following respondent's assertion of an actual claim under the SUM endorsement.

The only excuse proffered for this extended delay is the difficulty that petitioner had in reaching respondent or his attorney during a three-month period in late 1998 and early 1999. In any event, there is no question that as of February 18, 1999—approximately 20 months prior to petitioner's disclaimer—petitioner was aware that the vehicle that respondent occupied at the time of the accident was not listed on petitioner's policy and petitioner therefore had available to it all information necessary to disclaim coverage on the ground that was ultimately employed. Under the circumstances, we conclude that the delay in disclaiming coverage was unreasonable as a matter of law (*see, Wasserheit v New York Cent. Mut. Fire Ins. Co.*, 271 AD2d 439, 440).

Crew III, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, with costs, and petition dismissed.