■ THOMAS M. McEACHRON, Respondent, v STATE FARM INSURANCE COMPANY, Appellant. [742 NYS2d 925] —Mugglin, J. Appeal from an order of the Supreme Court (Malone, Jr., J.), entered October 9, 2001 in Albany County, which denied defendant's motion for summary judgment dismissing the complaint.

This case again presents for resolution the now familiar issue concerning the timeliness of an insurer's disclaimer of underinsured motorist coverage. Insurance Law § 3420 (d) requires an insurer to provide a written disclaimer "as soon as is reasonably possible." Reasonableness of delay is measured from the time when the insurer learns of sufficient facts upon which to base the disclaimer (*see, Crowningshield v Nationwide Mut. Ins. Co.*, 255 AD2d 813, 815). The insurer bears the burden of justifying any delay (*see, Mohawk Minden Ins. Co. v Ferry*, 251 AD2d 846, 847), and the failure to comply with this requirement renders any disclaimer ineffective (*see, North Country Ins. Co. v Tucker*, 273 AD2d 683, 684). While lengthy delay, without reasonable explanation, will be unreasonable as a matter of law (*see, Mohawk Minden Ins. Co. v Ferry, supra* at 848), no bright-line rule has been developed concerning shorter delays (*see, Hess v Nationwide Mut. Ins. Co.*, 273 AD2d 689, 690), the issue then being generally a question of fact for the jury to resolve (*see, id.* at 690).

Defendant contends that it lacked sufficient facts to justify the disclaimer until September 28, 1998 (the date on which plaintiff's settlement was independently confirmed) and, therefore, the October 9, 1998 disclaimer was timely as a matter of law. Plaintiff asserts that defendant knew about the potential underinsured motorist coverage claim on August 3, 1998 and that its representative wrote plaintiff's counsel on August 28, 1998 demanding proof that it had sent written consent to the settlement as required by its policy. Under these

circumstances, Supreme Court found issues of fact concerning the timeliness of the disclaimer. Our agreement with this decision renders it unnecessary for us to discuss defendant's argument that its disclaimer was valid.

Mercure, J.P., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.