*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 18, 2016                    521572
_____

KRAEMER BUILDING CORP.,
                    Respondent,

            v                               MEMORANDUM AND ORDER

SCOTTSDALE INSURANCE COMPANY,
                    Appellant.
_____


Calendar Date:  January 11, 2016

Before:  McCarthy, J.P., Egan Jr., Lynch and Devine, JJ.

                        _____


        Carroll McNulty & Kull, LLC, New York City (Ann Odelson of
counsel), for appellant.

        Craig T. Bumgarner, Carmel, for respondent.


                        _____


Devine, J.

        Appeal from an order of the Supreme Court (Schick, J.),
entered May 29, 2015 in Sullivan County, which, among other
things, granted plaintiff's motion for summary judgment declaring
that defendant has a duty to defend and/or indemnify plaintiff in
an underlying action.

        Defendant issued a commercial general liability insurance
policy to plaintiff, a construction firm, effective from October
2008 to October 2009.  Plaintiff was the general contractor at a
construction site where, in February 2009, Allan Speirs was
injured in the course of his work for a subcontractor.  Defendant
was notified of the occurrence in March 2009.  Plaintiff then
learned that Speirs had allegedly sustained serious injuries in
the accident and had retained counsel and, in January 2010, that
information was promptly forwarded to defendant.

Speirs commenced an action against plaintiff and the owner of the construction site in August 2011, alleging violations of Labor Law §§ 200 and 241 (6), as well as common-law negligence. In November 2011, plaintiff was served with the summons and complaint pursuant to Business Corporation Law § 306 but, because its registered agent was the defunct law firm that handled its 1965 incorporation, it did not receive those documents. Plaintiff accordingly defaulted, and neither it nor defendant became aware of the personal injury action until counsel for Speirs alerted defendant to that fact in March 2012. Defendant disclaimed coverage because, among other things, plaintiff had failed to give it notice of the personal injury action as required by the liability policy.

Plaintiff thereafter commenced this action seeking a declaration that defendant is required to defend and indemnify it in the personal injury action. Following joinder of issue, plaintiff moved, and defendant cross-moved, for summary judgment. Supreme Court granted summary judgment to plaintiff, and defendant now appeals.

We reverse. The liability insurance policy at issue here "contain[s] clauses requiring [plaintiff] to provide prompt notice of [both] an occurrence implicating coverage" and any ensuing legal action (American Home Assur. Co. v International Ins. Co., 90 NY2d 433, 440 [1997]; see American Tr. Ins. Co. v Sartor, 3 NY3d 71, 75-76 [2004]). "The insurer's receipt of such notice is therefore a condition precedent to its liability under the policy," and a failure to give that notice "may allow an insurer to disclaim its duty to provide coverage" (American Tr. Ins. Co. v Sartor, 3 NY3d at 76; see Great Canal Realty Corp. v Seneca Ins. Co., Inc., 5 NY3d 742, 743 [2005]; Argo Corp. v Greater N.Y. Mut. Ins. Co., 4 NY3d 332, 339 [2005]). At the time the policy here was issued, "[n]o showing of prejudice [was] required" to justify a disclaimer (Argo Corp. v Greater N.Y. Mut. Ins. Co., 4 NY3d at 339).[1] The absence of a need to demonstrate

_____

[1] Amendments to Insurance Law § 3420 subsequently took effect that prevented an insurer from disclaiming coverage "unless the failure to provide timely notice has prejudiced" it

prejudice represented "a limited exception to th[e] general rule," and was justified by a primary "insurer's need to protect itself from fraud by investigating claims soon after the underlying events; to set reserves; and to take an active, early role in settlement discussions" (Matter of Brandon [Nationwide Mut. Ins. Co.], 97 NY2d 491, 496 [2002]; see Rekemeyer v State Farm Mut. Auto. Ins. Co., 4 NY3d 468, 475 [2005]; Argo Corp. v Greater N.Y. Mut. Ins. Co., 4 NY3d at 339).

There is no dispute that plaintiff provided timely notice of the underlying accident, but it is equally clear that plaintiff failed to "[n]otify [defendant] as soon as practicable" that the personal injury action had been commenced. Indeed, plaintiff never gave notice to defendant, although counsel for Speirs did so approximately four months after papers had been served (see Insurance Law § 3420 [a] [3]; American Tr. Ins. Co. v Sartor, 3 NY3d at 76; Kalthoff v Arrowood Indem. Co., 95 AD3d 1413, 1415 [2012], lv denied 19 NY3d 815 [2012]). That delay, "in the absence of an excuse or mitigating factors, is unreasonable as a matter of law" (233 E. 17th St., LLC v L.G.B. Dev., Inc., 78 AD3d 930, 932 [2010]). Plaintiff never gave notice because it did not receive the summons and complaint but, inasmuch as its nonreceipt flowed from its failure to appoint a new registered agent for service to replace a defunct one that had been named decades earlier, that explanation was "insufficient as a matter of law" (Kalthoff v Arrowood Indem. Co., 95 AD3d at 1415; see Briggs Ave. LLC v Insurance Corp. of Hannover, 11 NY3d 377, 381 [2008]; AH Prop., LLC v New Hampshire Ins. Co., 95 AD3d 1243, 1244-1245 [2012]).

Plaintiff nevertheless argues that it is entitled to summary judgment because defendant was not prejudiced by the lack of timely notice of suit, pointing to analogous cases involving supplemental uninsured and underinsured motorists coverage where timely notice of an occurrence, but not of the ensuing legal action, was given (see Rekemeyer v State Farm Mut. Auto. Ins. Co., 4 NY3d at 475; Matter of Brandon [Nationwide Mut. Ins. Co.],

_____

(Insurance Law § 3420 [a] [5]; [c] [2], as added by L 2008, ch 388; see Rosier v Stoeckeler, 101 AD3d 1310, 1312 [2012]).

97 NY2d at 496-498).  The Court of Appeals observed in those cases, however, that the "no-prejudice" rule had less potency in the context of such coverage because an insurer was able to protect its interests due to its receipt of the separate no-fault claim (see Matter of Brandon [Nationwide Mut. Ins. Co.], 97 NY2d at 496-498).  In contrast, "[t]he rationale of the no-prejudice rule is clearly applicable to a late notice of lawsuit under a liability insurance policy," as a liability insurer is unlikely to obtain pertinent information through other means, impairing its ability "to take an active, early role in the litigation process and in any settlement discussions and to set adequate reserves" (Argo Corp. v Greater N.Y. Mut. Ins. Co., 4 NY3d at 340).  The "no-prejudice" rule accordingly applies to the case before us, and the failure of defendant to affirmatively establish prejudice is of no moment (see id.; Liberty Moving & Stor. Co., Inc. v Westport Ins. Corp., 55 AD3d 1014, 1016-1017 [2008], lv denied 12 NY3d 709 [2009]; 1700 Broadway Co. v Greater N.Y. Mut. Ins. Co., 54 AD3d 593, 593-594 [2008]).[2]  Thus, defendant should have been awarded summary judgment dismissing the complaint.

McCarthy, J.P., Egan Jr. and Lynch, JJ., concur.

---

[2]  Regardless of the fact that defendant was not required to show prejudice, plaintiff is far from persuasive in asserting that defendant could not have been prejudiced by the absence of timely notice of suit.  As a result of the lack of notice, defendant lost the opportunity to "appear and interpose an answer" on plaintiff's behalf as of right, although counsel for Speirs was apparently willing to show leniency in that regard (American Tr. Ins. Co. v Rechev of Brooklyn, Inc., 57 AD3d 257, 257 [2008]).

ORDERED that the order is reversed, on the law, with costs, plaintiff's motion denied, defendant's cross motion granted, summary judgment awarded to defendant and complaint dismissed, and it is declared that defendant has no duty to defend or indemnify plaintiff in the underlying action.

ENTER:

Robert D. Mayberger
Clerk of the Court