■ EVANSTON INSURANCE COMPANY, Appellant, v P.S. BRUCKEL, INC., et al., Respondents, et al., Defendants. [54 NYS3d 57]—

In an action for a judgment declaring that the plaintiff is not obligated to defend or indemnify the defendant P.S. Bruckel, Inc., in an underlying action entitled *State of New York v P.S. Bruckel, Inc.*, pending in the Supreme Court, Suffolk County, under Index No. 7742/12, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Asher, J.), dated December 30, 2014, as denied its cross motion for summary judgment declaring that it has no duty to defend or indemnify P.S. Bruckel, Inc., in the underlying action.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiff insurance company commenced this action for a judgment declaring that it has no duty to defend or indemnify its insured, the defendant P.S. Bruckel, Inc. (hereinafter Bruckel), in an underlying indemnification action entitled *State of New York v P.S. Bruckel, Inc.*, pending in the Supreme Court, Suffolk County, under Index No. 7742/12 (hereinafter the underlying action). The plaintiff cross-moved for summary judgment declaring that it has no duty to defend or indemnify Bruckel in the underlying action. The plaintiff contended that it had no duty to defend or indemnify Bruckel because Bruckel failed to comply with a condition precedent to coverage contained in the policy and because the causes of action asserted in the underlying action were subject to policy exclusions. The Supreme Court determined that the plaintiff established, prima facie, that Bruckel failed to immediately

forward to the plaintiff the summons and complaint in the underlying action as required by the policy. However, the court concluded that, in opposition to the plaintiff's prima facie showing, Bruckel and the State raised triable issues of fact regarding when the plaintiff first received notice of the underlying action, and whether it timely disclaimed coverage. Accordingly, the court denied the plaintiff's cross motion, and the plaintiff appeals.

In support of its cross motion for summary judgment, the plaintiff established, prima facie, that Bruckel failed to comply with the condition in the subject policy that required it to "immediately" forward to the plaintiff copies of any legal papers received in connection with a lawsuit (*see Matter of Nationwide Ins. Co. v Shedlick*, 274 AD2d 519 [2000]; *see also American Tr. Ins. Co. v Sartor*, 3 NY3d 71, 75-76 [2004]). Although the underlying action was commenced by the State of New York against Bruckel in March 2012, the plaintiff did not receive a copy of the summons and complaint until March 2013. Since the subject policy was issued prior to the amendment to Insurance Law § 3420, the plaintiff was not required to show that it was prejudiced by the failure to give notice of the commencement of litigation in order to satisfy its prima facie burden (*see Briggs Ave. LLC v Insurance Corp. of Hannover*, 11 NY3d 377, 381 [2008]; *Kraemer Bldg. Corp. v Scottsdale Ins. Co.*, 136 AD3d 1205, 1207 [2016]; *AH Prop., LLC v New Hampshire Ins. Co.*, 95 AD3d 1243, 1245 [2012]).

However, "[t]he failure of an insured to timely notify the insurer of a claim does not excuse the insurer's failure to timely disclaim coverage" (*Delphi Restoration Corp. v Sunshine Restoration Corp.*, 43 AD3d 851, 852 [2007]; *see Atlantic Cas. Ins. Co. v RJNJ Servs., Inc.*, 89 AD3d 649, 651 [2011]). "The timeliness of an insurer's disclaimer is measured from the point in time when the insurer first learns of the grounds for disclaimer of liability or denial of coverage" (*Matter of Allcity Ins. Co. [Jimenez]*, 78 NY2d 1054, 1056 [1991]; *see First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d 64, 68-69 [2003]). In opposition to the cross motion, Bruckel and the State raised triable issues of fact as to whether the plaintiff acquired knowledge of the commencement of the underlying action in April 2012, or, at the latest, October 2012, and thus, whether it timely disclaimed coverage in March 2013, on the basis of, inter alia, late receipt of a copy of the summons and complaint. Accordingly, the Supreme Court properly denied the plaintiff's cross motion for summary judgment declaring that it has no duty to defend or indemnify Bruckel in the underlying action.

To the extent that the plaintiff contends that its cross motion should have been granted on the ground that the causes of action asserted in the underlying action were subject to policy exclusions, that contention was not addressed by the Supreme Court and, thus, remains pending and undecided (*see Federal Natl. Mtge. Assn. v Zapata*, 143 AD3d 857, 859 [2016]; *Matter of AutoOne Ins. Co. v Umanzor*, 74 AD3d 1335, 1336 [2010]). Rivera, J.P., Hall, LaSalle and Connolly, JJ., concur.