■ Precision Auto Accessories, Inc., Respondent-Appellant, v Utica First Insurance Company, Appellant-Respondent, et al., Defendants. [859 NYS2d 799]—

Appeal and cross appeal from an order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered November 29, 2006 in a declaratory judgment action. The order denied the motion of defendant Utica First Insurance Company and the cross motion of plaintiff for summary judgment.

It is hereby ordered that the order so appealed from is unanimously modified on the law by granting the motion and as modified the order is affirmed without costs, and judgment is granted in favor of defendant Utica First Insurance Company as follows:

"It is ADJUDGED and DECLARED that defendant Utica First Insurance Company is not obligated to indemnify plaintiff for the fire loss in question."

Memorandum: Plaintiff sought to recover under its policy of insurance with Utica First Insurance Company (defendant) after its place of business was totally destroyed by a fire. Following an investigation, defendant notified plaintiff that it was not entitled to coverage for the loss and that defendant was rescinding the policy from its inception based on allegedly material misrepresentations made in plaintiff's insurance application with respect to plaintiff's claims history. Defendant also refunded plaintiff's complete premium for the insurance policy. Plaintiff commenced this action seeking, inter alia, a determination that plaintiff did not willfully conceal or misrepresent a material fact in its application for insurance and a declaration that defendant is obligated to pay plaintiff for the losses incurred as a result of the fire. Defendant moved for summary judgment seeking a determination that the policy of insurance issued to plaintiff was void ab initio based on material misrepresentations in the policy application and a declaration that de-

fendant "owes no coverage of any sort" to plaintiff for the fire loss, and plaintiff cross-moved for summary judgment for the relief demanded in the complaint. Supreme Court erred in denying defendant's motion and properly denied plaintiff's cross motion. We therefore modify the order accordingly, and we grant judgment in favor of defendant declaring that it is not obligated to indemnify plaintiff for the fire loss in question.

Contrary to plaintiff's contention, defendant met its burden of establishing that it was entitled to rescind the insurance policy, i.e., defendant established as a matter of law that plaintiff " 'made a material misrepresentation [such that defendant] . . . would not have issued the policy had it known the facts misrepresented' " (*Schirmer v Penkert*, 41 AD3d 688, 690 [2007]; *see* Insurance Law § 3105 [b]; *Carpinone v Mutual of Omaha Ins. Co.*, 265 AD2d 752, 754 [1999]). "To establish materiality of misrepresentations as a matter of law, the insurer must present documentation concerning its underwriting practices, such as underwriting manuals, bulletins or rules pertaining to similar risks, to establish that it would not have issued the same policy if the correct information had been disclosed in the application" (*Curanovic v New York Cent. Mut. Fire Ins. Co.*, 307 AD2d 435, 437 [2003]; *see* § 3105 [c]; *Schirmer*, 41 AD3d at 690-691; *Carpinone*, 265 AD2d at 754).

Here, plaintiff did not contend in opposition to defendant's motion and in support of its cross motion that its loss history for the three-year period preceding the inception of the policy was not misrepresented in the policy application. Rather, plaintiff contended that defendant's motion should be denied because defendant failed to establish that any misrepresentation was willful. In support of its cross motion, plaintiff contended that the cross motion should be granted because defendant had knowledge of the misrepresentations but elected to treat the policy as being in effect. Thus, defendant is estopped from denying coverage, and any misrepresentation in the policy application was based on the negligence of defendant's agents who prepared the application and bound coverage.

In support of its motion, defendant submitted the affidavit of its president, who set forth defendant's minimum underwriting guidelines for prior losses for a risk such as plaintiff's business. Attached to the affidavit was a copy of defendant's underwriting guidelines "for the relevant period," which corroborated the applicable minimum underwriting requirements set forth by defendant's president concerning prior losses for risks such as plaintiff's business. Defendant's president further stated in his affidavit that, "if [defendant] had been aware of plaintiff's true

loss history . . . [defendant] would not have issued a policy of insurance to plaintiff." Contrary to plaintiff's contention, defendant is correct that it need not establish that the misrepresentations were willful in order to rescind the contract. Insurance Law § 3105 (b) does not specify that a misrepresentation must be willful, and "[w]hether or not plaintiff intended to provide inaccurate statements or misrepresentations at the time [it] filled out the application is irrelevant" (*Curanovic*, 307 AD2d at 437). Rather, a "material misrepresentation, even if innocent or unintentional, is sufficient to warrant a rescission of the policy" (*McLaughlin v Nationwide Mut. Fire Ins. Co.*, 8 AD3d 739, 740 [2004]; *see also Jonari Mgt. Corp. v St. Paul Fire & Mar. Ins. Co.*, 58 NY2d 408, 416-417 [1983]). Although plaintiff contends that, pursuant to the terms of the policy, defendant is required to establish that plaintiff's misrepresentations were willful, when an insurance policy is void ab initio based on material misrepresentations in the application, it is as if the policy never came into existence, and an insured cannot create coverage by relying on the terms of a policy that never existed (*see generally Taradena v Nationwide Mut. Ins. Co.*, 239 AD2d 876, 877 [1997]).

We reject plaintiff's contention that defendant may not rely on any misrepresentations in the policy application because they were the result of the negligence of defendant's alleged agents. Plaintiff is bound by the misrepresentations in the application, inasmuch as "[t]he signer of a contract is conclusively bound by it regardless of whether he or she actually read it" (*Curanovic*, 307 AD2d at 437). Further, an insured "ha[s] a duty to review the entire application and to correct any incorrect or incomplete answers" (*id.* [internal quotation marks omitted]). Additionally, "an insurance broker is generally considered to be an agent of the insured" (*Rendeiro v State-Wide Ins. Co.*, 8 AD3d 253, 253 [2004]). "To establish that the broker was acting as the insurer's agent, [t]here must be evidence of some action on the insurer's part, or facts from which a general authority to represent the insurer may be inferred" (*Bennion v Allstate Ins. Co.*, 284 AD2d 924, 925 [2001] [internal quotation marks omitted]). Although the insurance agency that bound the coverage may have been an agent of defendant, the broker who completed the application was hired by plaintiff as its agent and was an independent contractor with no connection to defendant.

We reject the further contention of plaintiff on its cross appeal that defendant waived its right to rescind the policy because it knew of plaintiff's misrepresentations concerning plaintiff's loss history before the fire. "It is well settled that the continued

acceptance of premiums by the carrier[,] after learning of facts which allow for rescission of the policy, constitutes a waiver of, or more properly an estoppel against, the right to rescind" (*Scalia v Equitable Life Assur. Socy. of U.S.*, 251 AD2d 315 [1998]; *see Bible v John Hancock Mut. Life Ins. Co.*, 256 NY 458, 462-463 [1931], *rearg denied* 257 NY 543 [1931]; *Continental Ins. Co. v Helmsley Enters.*, 211 AD2d 589 [1995]). Here, however, plaintiff's contention that defendant waived its right to rescind the policy is based solely upon the insurance broker's deposition testimony that, on the day of the fire, she was told "that [defendant] is going to disclaim coverage, that [plaintiff] had numerous fire and theft losses," and that she "suspect[ed]" that defendant knew about plaintiff's prior losses before the fire "[b]ecause within two hours they were saying they were going to disclaim the coverage because [plaintiff] had numerous theft and fire losses." That deposition testimony is both speculative and inadmissible hearsay and thus is insufficient to defeat the motion or to establish plaintiff's entitlement to the relief sought in the cross motion (*see Bruce v Fashion Sq. Assoc.*, 8 AD3d 1053, 1054 [2004]; *DeRocha v Old Spaghetti Warehouse*, 207 AD2d 978 [1994]; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Moreover, even assuming that defendant acquired knowledge of plaintiff's actual loss history before the fire, we conclude that such knowledge, by itself, is insufficient to constitute a waiver because plaintiff has failed to establish that it paid a premium to defendant after defendant allegedly acquired that knowledge.

Finally, we reject plaintiff's contention that defendant is estopped from disclaiming coverage because the eight-month delay in the notice that defendant was rescinding plaintiff's policy was untimely as a matter of law, and plaintiff was prejudiced by the late notice. "The timeliness of a disclaimer is measured from the date on which the insurer possesses all the facts necessary to [make such a disclaimer]" (*Vecchiarelli v Continental Ins. Co.*, 277 AD2d 992, 992 [2000]; *see Utica Fire Ins. Co. of Oneida County v Spagnolo*, 221 AD2d 921, 922 [1995]). Although defendant contends that its investigation into plaintiff's loss history was ongoing and was delayed based on the lack of cooperation by plaintiff in providing an adequate authorization for its previous insurer's records, plaintiff contends that defendant knew all of the facts necessary to disclaim coverage well before the time that it disclaimed coverage. Here, even assuming, arguendo, that defendant's notice of disclaimer was untimely, we conclude that defendant is not estopped from rescinding the policy as void ab initio inasmuch as, contrary to plaintiff's contention, plaintiff failed to demonstrate any preju-

dice based on defendant's alleged delay in disclaiming coverage (*see Legum v Allstate Ins. Co.*, 33 AD3d 670 [2006]; *United States Fid. & Guar. Co. v Weiri*, 265 AD2d 321, 322 [1999]; *Fairmont Funding v Utica Mut. Ins. Co.*, 264 AD2d 581, 581-582 [1999]). Although plaintiff contends that it was prejudiced because, without the insurance proceeds, it was unable to pay its suppliers and otherwise to re-start its business, it failed to identify any triable issue of fact whether it was prejudiced by the delay with respect to the asserted ground for rescission, i.e., the purported misrepresentations made in the insurance application. Present—Centra, J.P., Lunn, Peradotto, Green and Pine, JJ.