■ In the Matter of the Arbitration between GEICO INSURANCE COMPANY, Appellant, and SAMUEL BATTAGLIA, Respondent. NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Respondent. [865 NYS2d 471]—

Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered April 23, 2007 in a proceeding pursuant to CPLR article 75. The order, inter alia, denied that part of the petition seeking a permanent stay of arbitration.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner commenced this proceeding pursuant to CPLR article 75 seeking, inter alia, a permanent stay of arbitration of a claim by respondent Samuel Battaglia for supplemental uninsured motorist (SUM) coverage. Battaglia was injured in January 2004 when the vehicle he was driving collided with a vehicle registered to James P. O'Donnell and operated by Jeffrey R. Ramos. At that time, Battaglia was insured by petitioner with SUM coverage of $100,000 per person, and O'Donnell purportedly was insured by respondent New York Central Mutual Fire Insurance Company (NYCM). In the course of its investigation of the accident, NYCM learned in August 2004 that O'Donnell had died in 1998 and thus disclaimed coverage for Ramos. Battaglia and his wife then commenced an action against Ramos and O'Donnell, and NYCM reiterated its disclaimer of coverage. Battaglia thereafter requested SUM arbitration with petitioner, alleging that the O'Donnell vehicle was uninsured at the time of the accident. Petitioner appeals from an order denying that part of the petition seeking a permanent stay of arbitration and granting the cross motion of NYCM seeking, inter alia, to dismiss the petition and all claims against it. We affirm.

We conclude on the record before us that NYCM established as a matter of law that its policy, as renewed, was void ab initio based on the material misrepresentation with respect to O'Donnell's status, i.e., that O'Donnell was deceased (*see generally Matter of Mercury Ins. Group v Ocana*, 46 AD3d 561 [2007]). NYCM established that it would not have renewed the policy covering the O'Donnell vehicle had it known that O'Donnell was deceased at that time (*see* Insurance Law § 3105 [b]; *Preci-*

*sion Auto Accessories, Inc. v Utica First Ins. Co.*, 52 AD3d 1198, 1200 [2008]).

In light of our determination, we do not address petitioner's remaining contentions. Present—Martoche, J.P., Lunn, Fahey and Pine, JJ.