[900 NE2d 144, 871 NYS2d 607]

CONTINENTAL CASUALTY COMPANY, Appellant, v TERRANCE D. STRADFORD, Defendant, and HECTOR GUNARATNE et al., Respondents.

Argued October 22, 2008; decided November 25, 2008

## POINTS OF COUNSEL

*White Fleischner & Fino, LLP,* New York City (*Benjamin A. Fleischner, Nancy Davis Lyness* and *Janet P. Ford* of counsel), for appellant. I. The trial court and the Appellate Division properly concluded that Continental Casualty Company had sustained its burden of proving Terrance Stradford's noncooperation in violation of the insurance contract. (*Thrasher v United States Liab. Ins. Co.,* 19 NY2d 159; *Baghaloo-White v Allstate Ins. Co.,* 270 AD2d 296; *Physicians' Reciprocal Insurers v Keller,* 243 AD2d 547; *Commercial Union Ins. Co. v Burr,* 226 AD2d 416; *Pawtucket Mut. Ins. Co. v Soler,* 184 AD2d 498; *New York State Ins. Fund v Merchants Ins. Co. of N.H.,* 5 AD3d 449; *Argento v Aetna Cas. & Sur. Co.,* 184 AD2d 487; *304 Meat Corp. v New York Prop. Ins. Underwriting Assn.,* 188 AD2d 382; *American Tr. Ins. Co. v Fuentes,* 1 Misc 3d 787; *Matter of Liberty Mut. Ins. Co. v Roland-Staine,* 21 AD3d 771.) II. The Appellate Division majority erred in concluding that Continental Casualty Company's disclaimer was untimely. (*Hartford Ins. Co. v County of Nassau,* 46 NY2d 1028; *Matter of Allstate Ins. Co. v Cruz,* 30 AD3d 511; *First Fin. Ins. Co. v Jetco Contr. Corp.,* 1 NY3d 64; *Allstate Ins. Co. v Gross,* 27 NY2d 263; *Commercial Union Ins. Co. v Burr,* 226 AD2d 416; *Mount Vernon Fire Ins. Co. v 170 E. 106th St. Realty Corp.,* 212 AD2d 419; *Allstate Ins. Co. v Loester,* 177 Misc 2d 372; *Pawtucket Mut. Ins. Co. v Soler,* 184 AD2d 498; *Matter of Liberty Mut. Ins. Co. v Roland-Staine,* 21 AD3d 771; *New York State Ins. Fund v Merchants Ins. Co. of N.H.,* 5

AD3d 449.) III. The purported delay in disclaiming was not untimely because Terrance Stradford could have cooperated and maintained coverage through October 13, 2004. (*Commercial Union Ins. Co. v Burr,* 226 AD2d 416.) IV. Insurance Law § 3420 (d) does not apply to the circumstances underlying this coverage action. (*Hartford Ins. Co. v County of Nassau,* 46 NY2d 1028; *TIG Ins. Co. v Town of Cheektowaga,* 142 F Supp 2d 343; *Continental Cas. Co. v Rapid-American Corp.,* 80 NY2d 640; *Dodge v Legion Ins. Co.,* 102 F Supp 2d 144; *Moncada v Rubin-Spangle Gallery, Inc.,* 835 F Supp 747; *First Fin. Ins. Co. v Jetco Contr. Corp.,* 1 NY3d 64; *Zappone v Home Ins. Co.,* 55 NY2d 131.) V. Claimants may not recover from Continental Casualty Company because their rights are no greater than those of Continental's insured. (*D'Arata v New York Cent. Mut. Fire Ins. Co.,* 76 NY2d 659; *Coleman v New Amsterdam Cas. Co.,* 247 NY 271.)

*Lutfy & Santora,* Staten Island (*James L. Lutfy* of counsel), for respondents. I. Continental Casualty Company's disclaimer was untimely as a matter of law. (*Reyes v Diamond State Ins. Co.,* 35 AD3d 830; *Bovis Lend Lease LMB, Inc. v Royal Surplus Lines Ins. Co.,* 27 AD3d 84; *Allcity Ins. Co. v 601 Crown St. Realty Corp.,* 264 AD2d 315; *First Fin. Ins. Co. v Jetco Contr. Corp.,* 1 NY3d 64; *Hartford Ins. Co. v County of Nassau,* 46 NY2d 1028; *Those Certain Underwriters at Lloyds, London v Gray,* 49 AD3d 1; *Tully Constr. Co., Inc. v TIG Ins. Co.,* 43 AD3d 1150; *West 16th St. Tenants Corp. v Public Serv. Mut. Ins. Co.,* 290 AD2d 278; *Allcity Ins. Co. v 601 Crown St. Realty Corp.,* 264 AD2d 315; *Thrasher v United States Liab. Ins. Co.,* 19 NY2d 159.) II. Plaintiff-appellant's point IV, which alleges that Insurance Law § 3420 (d) does not apply to the matter before this Court, is not only an argument that was not raised before the lower court and the Appellate Division, but also has no support in statutory law and the common law. III. Plaintiff-appellant's argument that a malpractice claim does not fall within the meaning of Insurance Law § 3420 (d) was not raised before the Appellate Division and the lower court and has no statutory or common-law support.

## OPINION OF THE COURT

CIPARICK, J.

Over the course of nearly six years, defendant Terrance Stradford cooperated only sporadically with his professional liability insurer, plaintiff Continental Casualty Company, in the defense

of two dental malpractice actions. We are asked to determine whether plaintiff timely disclaimed coverage in those actions on the basis of Stradford's noncooperation. Because issues of fact remain with respect to the timeliness of plaintiff's disclaimer, we modify the order of the Appellate Division by denying summary judgment to defendants.[1]

## I.

In October 1998, defendants Hector Gunaratne and his wife, Rose, and Sumanadasa Perera, as parent and natural guardian of Prashan Perera, separately commenced dental malpractice actions against Stradford. A professional liability policy that Continental issued to Stradford was in effect at that time. The policy required Stradford to notify his insurer of the *Gunaratne* and *Perera* actions, gave Continental the right to defend him in those actions, and obligated the insured to "fully cooperate" in the company's litigation and settlement efforts. This cooperation clause explicitly required Stradford's attendance at hearings and trials, as well as his assistance in the securing and giving of evidence and obtaining the attendance of witnesses.

About a month after the underlying malpractice actions were initiated, Stradford notified Continental. Thereafter, Continental's employees and counsel whom the company retained to defend Stradford sought to obtain defendants' treatment records and other materials from him, solicit his views on potential expert witnesses, schedule depositions and meetings, and discuss potential settlements. These many requests took the form of largely unanswered correspondence and telephone calls to Stradford's home and office, and failed visits by defense counsel to Stradford's office pursuant to prearranged meetings. Stradford ignored the vast majority of Continental's requests or otherwise refused to cooperate with the company. In response, Continental repeatedly warned Stradford that his noncooperative conduct could jeopardize his coverage. These warnings, however, went unheeded.

Nevertheless, at various times, Stradford indicated an awareness of his duty to cooperate and expressed his willingness to do so. For example, Stradford made multiple promises to provide the requested documents, which he claimed were located on his boat or at his residence. Further, although Stradford's deposi-

---

1. Because defendant Stradford has never appeared in this action, use of the term "defendants" in this opinion only refers to defendants Gunaratne and Perera.

tion in *Gunaratne* was rescheduled multiple times due to his unexplained absences, he eventually appeared and was deposed.[2] Then, after more than four years had passed without his production of a single relevant document, Stradford participated in a July 2, 2003 conference call—which he had requested—to discuss a possible settlement of *Gunaratne.*

During that call, Stradford asked for new counsel in both underlying actions, claiming that he had lost confidence in his present attorney's ability to zealously defend him due to the attorney's actions in another malpractice action brought against him. Continental agreed to the request, Stradford's attorney moved to be relieved, and Supreme Court marked all cases pending against Stradford off-calendar, pending the substitution of new counsel. Despite calls and a letter from his new counsel, Stradford never executed the necessary form to effect the requested substitution.

On July 8, 2004, Continental mailed Stradford two detailed letters—one each for *Gunaratne* and *Perera.* In the main, the letters set forth his history of noncompliance, evasion and broken commitments. They also demanded that Stradford schedule a meeting with his newly-retained counsel for a date on or before August 13, warned that further noncooperation "may imperil" his coverage, and, given adverse expert findings regarding Stradford's care of defendants, recommended that he consent to settlement of both actions. On August 11, both letters were returned to Continental as "Unclaimed." Approximately two months later, on October 13, 2004, Continental's outside counsel sent a disclaimer letter to Stradford. Two days after its disclaimer was issued, Continental commenced the present action, seeking a declaratory judgment that it had no duty to defend or indemnify Stradford in the *Gunaratne* and *Perera* actions.

The decision-making process that Continental employed prior to disclaiming and bringing this action was described in the deposition testimony of Thomas Morelli, who by July 8, 2004 was the Continental employee responsible for *Gunaratne* and *Perera.* According to him, the "normal protocol" involved a recommendation by him to his director, who would then make a recommendation to Continental's in-house coverage counsel. In addi-

---

**2.** Stradford's deposition in *Perera* was rescheduled at least twice due to his failure to appear. Although there is no indication in this record that he was deposed in that action, defendants' counsel swore in an affirmation that he possessed a transcript showing that such deposition did occur.

tion, in connection with the *Gunaratne* and *Perera* disclaimers, Morelli testified that Continental "sought an opinion from outside counsel regarding [its] coverage position."

Continental's decision to disclaim was bolstered by a declaratory judgment issued on June 1, 2004 in two other malpractice actions then pending against Stradford, *O'Halloran* and *Shields*. There, the court held that Stradford's failure to respond to multiple letters seeking his cooperation and his absence on trial dates constituted sufficient grounds for a disclaimer of coverage.

In the present action, Continental moved for summary judgment on its declaratory judgment claim that Stradford's noncooperation had terminated the company's contractual obligation to him.[3] Defendants cross-moved for summary judgment, arguing that the company's disclaimer was untimely and, in the alternative, that it had not carried its burden of proving Stradford's noncooperation. Supreme Court granted Continental's motion in all respects and similarly denied the cross motion. The court concluded that Stradford was not entitled to a defense or indemnification because of his multiple breaches of the cooperation clause.

In a 3-2 decision, the Appellate Division reversed. All members of the panel concluded that Continental had carried its burden of establishing Stradford's noncooperation. The majority held, however, that Continental's approximately two-month delay in disclaiming—measured from August 11, 2004 (the date its final letters were returned unclaimed)—was unreasonable as a matter of law. The dissent disagreed, reasoning that Continental's need to carefully analyze Stradford's conduct and to consult with counsel to ensure that the company had discharged its "heavy burden" of attempting to bring about his cooperation prior to disclaiming supported the conclusion that Continental's delay was "explained and . . . reasonable under the circumstances" (46 AD3d 598, 604, 605 [2007, Goldstein and Schmidt, JJ., dissenting] [internal quotation marks omitted]).

Plaintiff appeals from the order of reversal based on a dual dissent on a question of law. We now modify by denying defendants' cross motion for summary judgment.

---

**3.** In April and May of 2005, Supreme Court entered judgments awarding defendants damages of $116,200 and $50,000, respectively, against Stradford.

## II.

On this appeal, defendants do not dispute the lower courts' conclusions that Continental was entitled to disclaim due to Stradford's noncooperation. According to them, the timeliness of that disclaimer is the sole issue before us. We now turn to that single issue.

Even if an insurer possesses a valid basis to disclaim for noncooperation, it must still issue its disclaimer within a reasonable time (*see* 14 Couch on Insurance 3d § 199:69). When construing Insurance Law § 3420 (d), which requires an insurer to issue a written disclaimer of coverage for death or bodily injuries arising out of accidents "as soon as is reasonably possible," we have made clear that timeliness almost always presents a factual question, requiring an assessment of all relevant circumstances surrounding a particular disclaimer (*First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d 64, 69 [2003]; *Hartford Ins. Co. v County of Nassau*, 46 NY2d 1028, 1030 [1979]; *Allstate Ins. Co. v Gross*, 27 NY2d 263, 270 [1970]).[4] One of those circumstances is the time necessary for an insurer to conduct a prompt investigation into those grounds supporting a potential disclaimer (*see Gross*, 27 NY2d at 270; *First Fin. Ins. Co.*, 1 NY3d at 69). Although we have declined to provide a "fixed yardstick" against which to measure reasonableness of a delay in disclaiming coverage (*see id.* at 70), we have said that cases in which the reasonableness of an insurer's delay may be decided as a matter of law are exceptional and present extreme circumstances (*see Hartford*, 46 NY2d at 1030; *Gross*, 27 NY2d at 270). This is not such a case.

Fixing the time from which an insurer's obligation to disclaim runs is difficult. That period begins when an insurer first becomes aware of the ground for its disclaimer (*see First Fin. Ins. Co.*, 1 NY3d at 68-69, citing *Matter of Allcity Ins. Co. [Jimenez]*, 78 NY2d 1054, 1056 [1991]). But unlike cases involving late notice of claims (*see id.* at 66-67; *Hartford*, 46 NY2d at 1029; *Gross*, 27 NY2d at 268) or other clearly applicable coverage exclusions, an insured's noncooperative attitude is often not readily apparent. Indeed, as here, such a position can be obscured by repeated pledges to cooperate and actual cooperation.

---

4. Continental argues that Insurance Law § 3420 (d)'s timeliness standard is inapplicable here. Because that argument was not presented to the courts below, we decline to consider it (*see Sega v State of New York*, 60 NY2d 183, 190 n 2 [1983]; *Scott v Morgan*, 94 NY 508, 515 [1884]).

The challenge of setting an appropriate date is only heightened by the heavy burden that an insurer seeking to establish a noncooperation defense must carry (*see Thrasher v United States Liab. Ins. Co.*, 19 NY2d 159, 168-169 [1967]; *accord Matter of Empire Mut. Ins. Co. [Stroud—Boston Old Colony Ins. Co.]*, 36 NY2d 719, 721 [1975]). To further this State's policy in favor of providing full compensation to injured victims, who are unable to control the actions of an uncooperative insured, insurers must be encouraged to disclaim for noncooperation only after it is clear that further reasonable attempts to elicit their insured's cooperation will be futile (*see Thrasher*, 19 NY2d at 168; *see also Matter of Liberty Mut. Ins. Co. v Roland-Staine*, 21 AD3d 771, 772 [1st Dept 2005] ["strict scrutiny" of facts supporting noncooperation defense required to protect "innocent injured parties from suffering the consequences of a lack of coverage"]). In some cases, such as where an insured openly disavows its duty to cooperate (*see e.g. Allcity Ins. Co. v 601 Crown St. Realty Corp.*, 264 AD2d 315, 316-317 [1st Dept 1999]), little time is needed to evaluate the relevant noncooperative conduct before disclaiming. But here, where an insured has punctuated periods of noncompliance with sporadic cooperation or promises to cooperate, some reasonably longer period for analysis may be warranted.

The Appellate Division majority acknowledged that even after June 1, 2004, when Continental received a declaratory judgment that it was entitled to disclaim coverage in the *O'Halloran* and *Shields* actions, the carrier "was continuing to pursue its heavy burden" of attempting to bring about Stradford's compliance in the two actions relevant here (*see* 46 AD3d at 601). The court also found that the time for disclaimer ran from August 11, 2004, the date when what became Continental's final letters to Stradford were returned unclaimed. Following that date, there is no indication that the company engaged in further communication with Stradford. Thus, on these facts, we agree with both of the Appellate Division's conclusions.

Contrary to the Appellate Division, however, we conclude that a question of fact remains regarding the amount of time required for Continental to complete its evaluation of Stradford's conduct in the two underlying actions. In this case, the reasonableness of an approximately two-month delay to analyze the pattern of obstructive conduct that permeated the insurer's relationship with its insured for almost six years presents a question of fact that precludes entry of summary judgment for

either plaintiff or for defendants (*see First Fin. Ins. Co.*, 1 NY3d at 69 ["(I)nvestigation into issues affecting an insurer's decision whether to disclaim coverage obviously may excuse delay in notifying the policyholder of a disclaimer"]; *Hartford*, 46 NY2d at 1030 ["(A) two-month delay may often be easily justified, if in fact there be justification"]).

Accordingly, the order of the Appellate Division should be modified, without costs, by denying the cross motion of defendants Gunaratne and Perera for summary judgment and, as so modified, affirmed.

Chief Judge KAYE and Judges GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order modified, etc.