■ MIAN RAFI et al., Respondents, v RUTGERS CASUALTY INSURANCE COMPANY, Appellant. [872 NYS2d 799]—

Appeal from a judgment of the Supreme Court, Cattaraugus County (Larry M. Himelein, A.J.), entered February 1, 2008 in a breach of contract action. The judgment, upon a jury verdict, awarded plaintiffs damages.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law without costs and a new trial is granted.

Memorandum: Defendant appeals from a judgment rendered in favor of plaintiffs, following a jury trial, based on the refusal by defendant to pay plaintiffs' claim for losses under an insurance policy issued by defendant to plaintiffs. We agree with defendant that Supreme Court committed reversible error in charging the jury that defendant was required to prove that the alleged misrepresentations made by plaintiffs on their insurance application were intentional in order to prevail on its affirmative defense, seeking to void the insurance policy. Rather, although misrepresentations made by an insured must be material, they may be innocently or unintentionally made (see Curanovic v New York Cent. Mut. Fire Ins. Co., 307 AD2d 435, 436-437 [2003]; see generally Insurance Law § 3105 [a], [b]), in which event the insurance policy is void ab initio (see Precision Auto Accessories, Inc. v Utica First Ins. Co., 52 AD3d 1198, 1201 [2008], lv denied 11 NY3d 709 [2008]; see also Taradena v Nationwide Mut. Ins. Co., 239 AD2d 876, 877 [1997]). Thus, the court should have charged the jury that, in order to prevail on its affirmative defense, defendant was required to submit "proof

concerning its underwriting practices with respect to applicants with similar circumstances'' in order to meet its burden of establishing that it would not have issued the same policy had the correct information been included in the application (*Campese v National Grange Mut. Ins. Co.*, 259 AD2d 957, 958 [1999]; *see Precision Auto Accessories, Inc.*, 52 AD3d at 1200; *Curanovic*, 307 AD2d at 437; *see also* Insurance Law § 3105 [c]). We cannot conclude that the error in the court's charge is harmless, and we therefore reverse the judgment and grant a new trial (*see Wilson v Nationwide Mut. Ins. Co.*, 168 AD2d 912 [1990], *lv dismissed* 77 NY2d 940 [1991]). Present—Hurlbutt, J.P., Martoche, Fahey and Gorski, JJ.