GULF INSURANCE COMPANY, Respondent, v TERRANCE STRADFORD, Defendant, and WILLIAM LANGLEY, Appellant. [873 NYS2d 713]—

In an action for a judgment declaring that the plaintiff is not obligated to defend or indemnify the defendant Terrance D. Stradford, D.D.S., in an underlying action entitled *Langley v Stradford* pending in the Supreme Court, Kings County, under index No. 49696/00, the defendant William Langley appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated June 28, 2007, as granted that branch of the plaintiff's motion which was for summary judgment, and denied his cross motion for summary judgment.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's motion which was for summary judgment and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant William Langley.

The timeliness of a carrier's disclaimer based on its insured's alleged violation of the policy's cooperation clause "almost always presents a factual question, requiring an assessment of all relevant circumstances surrounding [the] particular disclaimer" and "cases in which the reasonableness of an insurer's delay may be decided as a matter of law are exceptional and present extreme circumstances" (*see Continental Cas. Co. v Stradford*, 11 NY3d 443, 449 [2008]). This case is neither exceptional nor does it present extreme circumstances. Accordingly, we modify the order of the Supreme Court to deny the plaintiff's motion for summary judgment.

The defendant William Langley's remaining contention is without merit. Fisher, J.P., Balkin, McCarthy and Leventhal, JJ., concur.