09-1814-cv
*U.S. Liability v. Master Duct, Inc.*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**AMENDED SUMMARY ORDER**

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of April, two thousand and ten.

PRESENT: RICHARD C. WESLEY,
         DEBRA ANN LIVINGSTON,
                  *Circuit Judges,*
         RICHARD K. EATON,
                  *Judge.*[*]

_____

NEW YORK STATE INSURANCE FUND,

                *Plaintiff-Appellee,*

     -v.-                         09-1814-cv

MOUNT VERNON FIRE INSURANCE CO. S/H/A U.S. LIABILITY
INSURANCE COMPANY,

                *Defendant-Appellant,*

MASTER DUCT, INC., PAL PAL DUCT, INC., YMC CONSTRUCTION AND SERVICES, INC., AMTUES ENTERPRISES, INC., MANARK ASSOCIATES, ATC MANAGEMENT, INC., 431 WEST 14TH STREET CORP., FRANK'S RESTAURANT AND BAR, SKYWAY CONTRACTING CORP., YONG DONG JUNG,

                *Defendants.*

_____

[*] The Honorable Richard K. Eaton, of the United States Court of International Trade, sitting by designation.

MOUNT VERNON FIRE INSURANCE CO. S/H/A U.S. LIABILITY INSURANCE COMPANY,

*Plaintiff-Appellant,*

-v.-

MASTER DUCT, INC., PAL PAL DUCT, INC., SEUNG EIK HAN, YONG HWAN CHAE, YMC CONSTRUCTION AND SERVICES, INC., AMTUES ENTERPRISES, INC., MANARK ASSOCIATES, ATC MANAGEMENT, INC., 431 WEST 14TH STREET CORP., FRANK'S RESTAURANT AND BAR, SKYWAY CONTRACTING CORP., AND YONG DONG JUNG,

*Defendants.*

FOR APPELLANT:     MICHAEL A. MIRANDA, Miranda Sambursky Slone Sklarin Verveniotis LLP, Mineola, NY.

FOR APPELLEE:     ELIZABETH A. FITZPATRICK, Lewis Johs Avallone Aviles, LLP, Melville, NY.

Appeal from the United States District Court for the Southern District of New York (McKenna, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of said district court be **AFFIRMED.**

Defendant U.S. Liability Company ("U.S. Liability") appeals from a judgment of the United States District Court of the Southern District of New York (McKenna, *J.*) declaring that plaintiff New York State Insurance Fund ("NYSIF") is entitled to receive contribution up to the full limit of

2

U.S. Liability's commercial general liability policy issued to its insured Master Duct Corporation ("MDC"). The dispute arose out of U.S. Liability's denial of coverage for MDC with regard to a construction site accident and resulting personal injury litigation in New York state court in which the jury awarded $5.3 million to the plaintiff and apportioned liability between NYSIF's insured (YMC Construction and Services, Inc.) and MDC and its predecessor entity Pal Pal Duct ("PPD") at 80% and 20% respectively. NYSIF paid the entire amount of the judgment and commenced an action in state court for contribution from U.S. Liability and MDC for its equitable share of the plaintiff's judgment up to the $1 million limit of the U.S. Liability policy. The case was removed to the United States District Court for the Southern District of New York. Following discovery and cross-motions for summary judgment (portions of which were granted), the parties agreed to submit their dispute to the district court on a stipulated set of facts. The sum of these efforts produced a declaratory judgment in favor of NYSIF directing U.S. Liability to pay the amount of its policy limit to NYSIF. This appeal ensued. We presume the parties' familiarity with the underlying facts and the

3

procedural history of the case.

U.S. Liability argues that the district court erred in its conclusion that its disclaimer of coverage was untimely. It contends that its notice of disclaimer — delivered to its insured nearly two months *after* the state court jury's verdict — is not subject to New York's timely disclaimer requirements as the disclaimer was in essence with respect to NYSIF and not U.S. Liability's insured.  We disagree.

New York Insurance Law § 3420(d)[1] reads in relevant part:

> If under a liability policy issued or delivered in this state, an insurer shall disclaim liability or deny coverage for death or bodily injury arising out of a motor vehicle accident or any other type of accident occurring within this state, it shall give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage to the insured and the injured person or any other claimant.

N.Y. Ins. Law § 3420(d)(2).  The purpose of the section "was to protect the insured, the injured person, and any other interested party who has a *real stake* in the outcome, from being prejudiced by a belated denial of coverage." *Excelsior Ins. Co. v. Antretter Contracting Corp.*, 262 A.D.2d 124, 127 (1st Dep't 1999) (emphasis added).  Whether

---

[1] No one contests that New York law applies in this case; therefore, we need not reexamine the district court's conclusion to that end.

a disclaimer under § 3420(d) is timely is generally a question of fact. *Continental Cas. Co. v. Stradford*, 11 N.Y.3d 443, 449 (N.Y. 2008). However, in "exceptional" cases that "present extreme circumstances," the reasonableness of the delay may be decided as a matter of law. *Id*. Examples of such exceptional circumstances include when an insurer denied coverage after two months with no explanation for the delay, *Hartford Ins. Co. v. Nassau County*, 46 N.Y.2d 1028, 1029-30 (N.Y. 1979), and, in a certified question from this Court, when an insurer had an unexcused 48-day delay, *First Fin. Ins. Co. v. Jetco Contracting Corp.*, 1 N.Y.3d 64, 66 (N.Y. 2003) (Kaye, C.J.).

U.S. Liability sees the matter as an inter-insurance carrier dispute and asserts that its disclaimer of its coverage for MDC was not subject to the statute's timeliness requirements. It relies on *Bovis Lend Lease LMB, Inc. v. Royal Surplus Lines Ins. Co.*, 27 A.D.3d 84 (1st Dep't 2005). U.S. Liability seriously misreads *Bovis*. *Bovis* involved a coverage dispute between the co-insurers of the same insured. In that context, the Appellate Division held that, as between the insurers, § 3420(d)(2) compliance was irrelevant. More importantly, the state court also held

5

that as between the disclaiming co-insurer and its insured the timely notice requirement remained relevant. *Id.* at 88-89.[2]

The present case does not involve a dispute between two carriers insuring the same insured. Rather, NYSIF seeks contribution from U.S. Liability for its respective share of responsibility as a joint tortfeasor for the damages awarded the injured party by the jury in the state court proceeding. Under New York law, "[a]n insurance carrier, upon payment of a loss, becomes equitably subrogated to the rights and remedies of its [in]sured . . . vested with no greater or different right or remedy than that possessed by its subrogor." *Hartford Acc. & Indem. Co. v. CNA Ins. Cos.*, 99 A.D.2d 310, 312 (1st Dep't 1984). "It is so well settled as not to require discussion that an insurer who pays claims against the insured for damages caused by the default or wrongdoing of a third party is entitled to be subrogated to the rights which the insured would have had against such

---

[2] The New York Court of Appeals has not taken a position on the First Department's view of the statute in situations similar to that presented in *Bovis.* We note only that since the notice in *Bovis* was ineffective as to the insureds (both additional insureds under the policies in question), the net effect was no loss of coverage for those insureds.

third party for its default or wrongdoing." *Ocean Accident & Guarantee Corp. v. Hooker Electro-Chem. Co.*, 240 N.Y. 37, 47 (N.Y. 1925). In our view, because NYSIF is YMC's subrogee, NYSIF has a "real stake in the outcome, from being prejudiced by a belated denial of coverage." *Excelsior Ins. Co.*, 262 A.D.2d at 127.

U.S. Liability doesn't dispute that a carrier that pays beyond its insured's proportionate liability under a negligence personal injury verdict in New York can seek contribution from the co-defendant joint tortfeasor – in this case MDC – for its respective share. Thus, as the subrogee of YMC, NYSIF can seek contribution from MDC (a named defendant in this action) and ultimately its insurer, U.S. Liability. But U.S. Liability seeks to strip its insured MDC of coverage under its policy by characterizing the dispute as between carriers. That characterization has no basis in law or fact.

We agree with the district court that U.S. Liability's disclaimer to its insured MDC was untimely under New York law. As the court noted, "U.S. Liability did not issue a disclaimer prior to providing a defense, during discovery, or even during the trial in the underlying case. Instead,

7

it waited until July 26, 1999[,] . . . [which] was over two years after U.S. Liability was notified about the case." U.S. Liability had sufficient information through depositions and trial to form the factual basis for the disclaimer.

We disagree with the district court that U.S. Liability's failure to give a timely disclaimer also precludes its claim that Han – the principal of MDC – made material misrepresentations on MDC's application for coverage with U. S. Liability. Material misrepresentations with regard to the risk to the insured void the insurance policy *ab initio*. *See Sun Ins. Co. of N.Y. v. Hercules Sec. Unlimited, Inc.*, 195 A.D.2d 24, 30 (2d Dep't 1993). "[I]f the policy is void *ab initio*, the insured who is a claimant cannot create coverage that would not otherwise exist by relying upon the failure to provide timely notice of disclaimer." *Taradena v. Nationwide Mut. Ins. Co.*, 239 A.D.2d 876, 877 (4th Dep't 1997). However, though a material misrepresentation voids the contract at its inception, the "right to rescind must be exercised promptly after the injured party learns of the wrong." *N.Y. Tel. Co. v. Jamestown Tel. Corp.*, 282 N.Y. 365, 372 (N.Y. 1940). New

8

York courts will deny the rescission of a policy for being void *ab initio* if the insured can demonstrate that he was prejudiced by the delay. *See Precision Auto Accessories, Inc. v. Utica First Ins. Co.*, 52 A.D.3d 1198, 1202-03 (4th Dep't 2008); *see also Legum v. Allstate Ins. Co.*, 33 A.D.3d 670, 670-71 (N.Y. 2006). There is certainly an adequate record here to show that MDC was prejudiced by U.S. Liability's lengthy delay in its attempt to rescind the insurance contract. But we need not decide whether the insured was prejudiced by the delay because the carrier's argument fails at a more fundamental level — there was no material misrepresentation here to render the contract void.

On the unique facts and procedural posture of this case it is clear to us that the "misrepresentations" were not material. The record does not show that Han's use of the firm names MDC and PPD represented a risk greater than that for which U.S. Liability contracted to insure. The stipulated facts before the court indicated that Han had one business with one employee that used several names without any showing that Han did so to mislead or misrepresent his business endeavors to U.S. Liability. *See Sun Ins.*, 195 A.D.2d at 30. The state court combined the two entities

9

into one for purposes of apportioning liability in obvious recognition of their interchangeable nature and that determination was affirmed on appeal in state court.

The judgment of the district court is hereby **AFFIRMED** with costs. The pending motion to take judicial notice of the public documents in *Am. Guarantee & Liab. Ins. Co. v. State Nat'l Ins. Co.*, 67 A.D.3d 488 (1st Dep't 2009), is **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk