[854 NE2d 146, 820 NYS2d 848]

In the Matter of NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Respondent, v JORGE AGUIRRE et al., Appellants.

Argued April 27, 2006; decided June 13, 2006

**APPEARANCES OF COUNSEL**

*Mitchell Dranow*, Mineola, for appellants.

*Cullen and Dykman LLP*, Brooklyn (*Joseph Miller, Jeffrey C. Fegan* and *Jean-Pierre van Lent* of counsel), for respondent.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be reversed, with costs, and the petition to stay arbitration dismissed.

Jorge Aguirre and Rosa and Amanda Alzate were allegedly injured on August 4, 2002 while sitting in a car owned by F.A. Rodriguez, which was parked on Northern Boulevard in Queens, New York. Their injuries occurred when another car was struck and pushed into the rear bumper of the Rodriguez vehicle by a car operated by an unidentified hit-and-run driver.

New York Central Mutual Fire Insurance Company had issued an automobile insurance policy to Rodriguez, which included Supplementary Uninsured/Underinsured Motorists (SUM) coverage with bodily injury limits of $25,000 per person and $50,000 per accident. The policy's SUM endorsement set forth several conditions, including the following:

> "Notice and Proof of Claim. As soon as practicable, the insured or other person making claim shall give us written notice of claim under this SUM coverage.
>
> "*As soon as practicable after our written request, the insured or other person making claim shall give us written proof of claim*, under oath if required, including full particulars of the nature and extent of injuries, treatment, and other details we need to determine the SUM amount payable.
>
> "The insured and every other person making claim hereunder shall, as may reasonably be required, submit to examinations under oath by any person we name and subscribe the same. *Proof of claim shall be made upon forms we furnish* unless we fail to furnish such forms within 15 days after receiving notice of claim" (emphasis added).

On August 15, 2002, an attorney representing Aguirre and the Alzates sent a letter to the attention of New York Central Mutual's "No-Fault Department" to make a claim under Rodriguez's policy's SUM provisions. He enclosed claimants' completed and subscribed New York State applications for no-fault insurance benefits. On September 3, 2002, the insurer sent a letter acknowledging the three claims. This

letter directed the attorney's attention to and quoted the above-described "Notice and Proof of Claim" condition, and advised him as follows:

> "New York Central Mutual is currently investigating the facts and circumstances of the [claimed] loss. *We require the immediate completion and return of the enclosed Notice of Intention to Make Claim forms.*

> "Your failure to cooperate will jeopardize any rights which you may have under this policy for us to make Supplementary Uninsured Motorists payments" (emphasis added).

Claimants never filled out and returned the proof-of-claim forms, which asked for information about the accident and claimants' injuries. In May 2003, however, they served a request for uninsured motorist arbitration on New York Central Mutual, which responded on June 19, 2003 with a proceeding in Supreme Court to stay arbitration. Supreme Court granted the insurer's petition because of claimants' failure to return the completed forms, concluding that this was a "condition precedent under the policy" for which timely disclaimer was not required. The Appellate Division affirmed on the same basis, and we granted leave to appeal. We now reverse.

As an initial matter, the policy's requirement to fill out and return a proof-of-claim form is an exclusion or a condition of coverage, as the insurer concedes. This case is not analogous to *Zappone v Home Ins. Co.* (55 NY2d 131 [1982]), where there was no coverage under the contract of insurance. Accordingly, the outcome of this appeal turns on whether New York Central Mutual disclaimed liability or denied coverage "as soon as reasonably possible" within the meaning of Insurance Law § 3420 (d).

An "insurer's failure to provide notice as soon as is reasonably possible precludes effective disclaimer, even [where] the policyholder's own notice of the incident to its insurer is untimely" (*First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d 64, 67 [2003]). The "timeliness of an insurer's disclaimer is measured from the point in time when the insurer first learns of the grounds for disclaimer of liability or denial of coverage" (*id.* at 68-69 [internal quotation marks omitted]). When "the basis for denying coverage was or should have been readily apparent before the onset of the delay [of disclaimer]," the insurer's explanation is insufficient as a matter of law (*id.* at 69).

In *Jetco*, we held that an insurer's unexcused 48-day delay in notifying an insured of denial of coverage was unreasonable as a matter of law. Here, the delay was significantly longer. New York Central Mutual sent claimants a letter on September 3, 2002, directing their "immediate completion and return" of the notice-of-claim forms. The word "immediate" denotes New York Central Mutual's expectation of receipt of the completed forms right away, or without substantial loss or interval of time after they were sent. Thus, the insurer became aware of its basis for denying coverage—that claimants had not completed and returned properly filled-out proof-of-claim forms—at a point in time significantly before June 19, 2003, when it petitioned to stay arbitration. That completed forms were never returned or that the letter did not set a precise deadline for their return does not extend the insurer's time to disclaim or deny coverage, or excuse its delay in doing so.*

R.S. SMITH, J. (dissenting). Claimants were required under the policy to send a notice to the insurance company "[a]s soon as practicable." The Court today holds, in substance, that this requirement was nullified because the insurance company did not, as soon as possible after as soon as practicable, send claimants a notice that they had failed to send a notice. The Catch-22 quality of this holding is too much for me, and I dissent.

Insurance Law § 3420 (d) requires an insurance company to give written notice of a disclaimer of coverage "as soon as is reasonably possible." I would hold that, where the disclaimer is based on a claimant's failure to submit a document in timely fashion, and there is no fixed deadline for the claimant's submission, the time to disclaim does not start running at least until the belated submission arrives. To hold otherwise, it seems to me, places an unreasonable and unnecessary burden on the insurance company.

New York Central Mutual acted reasonably here. It demanded, as was its right, a proof of claim (or "Notice of Intention to

---

* The dissent complains that there is a Catch-22 quality to the majority's position. But there is also a certain circularity to the insurer's argument that it could not disclaim as soon as reasonably possible until after it received the filled out proof-of-claim forms because it could not evaluate whether claimants had timely provided the facts until the forms were reviewed and still does not know if the facts claimants might have provided would have been timely or not, because claimants never returned the forms. The simple answer to this conundrum, of course, is for the insurer to set a deadline for return of a proof-of-claim form. And, of course, if the insurer suspects fraud in this case, it can still fight the claim in the arbitration on this basis.

Make Claim'') form, and then waited to see when and if claimants sent the form in. New York Central Mutual no doubt assumed, quite appropriately, that until the form arrived it was in no position to judge whether the claimants had submitted the form "as soon as practicable." The insurance company could also reasonably assume that, if it never received the form, it could forget about the claim.

The form was never submitted. This was not an insignificant oversight; a proof of claim form enables an insurance company to investigate a claim and to decide whether it is legitimate or not. To permit claimants who have never submitted proof of their claim to recover is to open the door to claims that are spurious or fraudulent. Under today's holding, however, insurance companies cannot use the failure to submit proof of claim as a defense unless they themselves do what the claimant is supposed to do—send a notice before too much time has gone by. I do not think it makes sense to impose this requirement on insurance companies, and I do not think the statute requires it.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSENBLATT and GRAFFEO concur in memorandum; Judge R.S. SMITH dissents in an opinion in which Judge READ concurs.

Order reversed, etc.