■ Jason R. Goodspeed, Respondent, v Adirondack Medical Center et al., Appellants. [842 NYS2d 598]—

Cardona, P.J. Appeal from an order of the Supreme Court (Dawson, J.), entered July 17, 2006 in Essex County, which denied defendants' motion for summary judgment dismissing the complaint.

Plaintiff awoke on June 25, 1999 at 8:00 A.M. with pain and swelling in his right testicle. When the symptoms worsened, plaintiff left work around 4:00 P.M. and went to the emergency room at defendant Adirondack Medical Center. He was evaluated by a nurse, a physician's assistant and defendant Irwin Lieb, a urologist. Based upon plaintiff's history of heavy lifting over the weekend and the result of an ultrasound showing an enlarged epididymis with normal blood flow to the right testicle, Lieb diagnosed plaintiff with epididymitis and prescribed medication.

Plaintiff continued to experience severe pain and swelling. He returned to the emergency room on June 27, 1999. Lieb again examined him and, relying on the results of the original ultrasound, continued the diagnosis of epididymitis and altered his medication. Although Lieb indicated in plaintiff's medical record the possibility of testicular torsion—a condition where blood supply to the testicle is cut off due to the testicle twisting—he did not order an additional ultrasound, noting that the condition was 72 hours old and the tissue would be necrotic.

When the pain and swelling did not improve, plaintiff returned to the emergency room on July 2, 1999. Lieb ordered a second ultrasound which revealed a lack of blood flow to the right testicle. Lieb then diagnosed plaintiff with right testicular torsion requiring an operation that day to remove plaintiff's right testicle.

Plaintiff thereafter commenced this medical malpractice action against, among others,* Adirondack Medical Center, Lieb and defendant Adirondack Medical Center, Inc. Defendants moved for summary judgment on the grounds that there was no deviation from the medical standard of care and that any alleged malpractice was not the proximate cause of the injury. Supreme Court denied the motion and this appeal ensued.

Adirondack Medical Center and Adirondack Medical Center,

---

* Plaintiff voluntarily discontinued the action against two other defendants.

Inc. contend on this appeal that any alleged malpractice on Lieb's part cannot be imputed to them inasmuch as he is an independent physician and not their employee or agent. They argue that plaintiff's affidavits in opposition to summary judgment address only Lieb's alleged deviation from the standard of care, and not any alleged vicarious liability on their part. A review of the record, however, reveals that these arguments were not raised by them in their motion for summary judgment and, therefore, are not preserved for our review (*see McCleary v City of Glens Falls*, 32 AD3d 605, 607 [2006]; *Dinneny v Allstate Ins. Co.*, 295 AD2d 797, 798-799 [2002]; *Cahill v Harter*, 277 AD2d 655, 656 [2000]).

Crew III, Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.