■ ONE BEACON INSURANCE, Respondent, v TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA et al., Respondents, and GREAT AMERICAN INSURANCE COMPANY OF NEW YORK et al., Appellants, et al., Defendant. (And a Third-Party Action.) [856 NYS2d 737]—

Rose, J. Appeal from an order of the Supreme Court (Teresi,

J.), entered March 22, 2007 in Albany County, which, among other things, denied a motion by defendants Great American Insurance Company of New York and D & B Building, Inc. for summary judgment dismissing the complaint and all cross claims against them.

A golfer slipped and fell on a newly constructed deck at the club house owned by Saratoga National Golf Club, Inc. (hereinafter the owner). When the litigation he commenced to recover for his injuries extended to the contractors involved in the owner's construction project, issues arose as to insurance coverage. Plaintiff, which insures the owner, then commenced this action seeking a declaration that, to the extent relevant here, the owner was an additional insured under a commercial general liability (hereinafter CGL) policy issued by defendant Great American Insurance Company of New York to defendant D & B Building, Inc., the subcontractor who built the deck. The CGL policy provided coverage for the owner and defendant The Pike Company, the general contractor, as additional insureds so long as D & B's operations were ongoing at the time of the occurrence. Great American also had issued an owners and contractors protective (hereinafter OCP) policy to Pike. Defendant Travelers Property Casualty Company of America, as Pike's primary insurer, cross-claimed for a defense and indemnification of Pike under both of Great American's policies.

When Great American moved for summary judgment dismissing the complaint and cross claims, plaintiff and Travelers opposed the motion. While the parties agreed that coverage for the owner and Pike as additional insureds under the CGL policy depended upon whether D & B was still engaged in work on the owner's project at the time of the accident, they disputed whether D & B's operations were completed at that time and whether the late notices of claim served on Great American by both the owner and Pike vitiated coverage. Plaintiff also cross-moved for summary judgment dismissing Great American's defense which alleged untimely notice of the owner's claim. Supreme Court denied Great American's motion, finding a triable issue of fact as to whether D & B's operations were completed. The court also found that Great American did not otherwise have a viable defense against Pike's late notices of claim because its own disclaimers were late and failed to cite late notice as their basis. As for the owner, Supreme Court found that Great American had issued no disclaimer at all and, therefore, granted plaintiff's cross motion.

Great American appeals, arguing initially that because there is no evidence in the record showing that D & B was actually

working on the owner's project when the accident occurred, Supreme Court should have found that neither the owner nor Pike was an additional insured under its CGL policy and granted its motion.* We disagree. The CGL policy expressly limits coverage of additional insureds to "liability arising out of [D & B's] ongoing operations" and, thus, the existence of CGL coverage for the owner and Pike as to the underlying accident depends upon whether D & B's work on the owner's project had been completed at the relevant time. While the record contains evidence that the deck had been constructed and was in use before the accident, there is also the deposition testimony of D & B's president in the underlying negligence action and a punch list prepared by the project architect showing that there was work remaining to be done on the deck by D & B at the time of the accident. This evidence is sufficient to support Supreme Court's finding of a material question of fact as to coverage (*see Pepper v Allstate Ins. Co.*, 20 AD3d 633, 636 [2005]; *Catalanotto v Commercial Mut. Ins. Co.*, 256 AD2d 883, 884 [1998]; *New York Cent. Mut. Fire Ins. Co. v Kowalski*, 195 AD2d 940, 942 [1993]).

Nor is there merit in Great American's contention that it is obligated neither to the owner under its CGL policy nor to Pike under either of its policies because it received late notice of their claims. Pursuant to Insurance Law § 3420 (d), if an insurer does not disclaim coverage in writing to the insured as soon as is reasonably possible, it is precluded from disclaiming coverage based upon late notice (*see Hermitage Ins. Co. v Arm-ing, Inc.*, 46 AD3d 620, 621 [2007]; *Tully Constr. Co., Inc. v TIG Ins. Co.*, 43 AD3d 1150, 1152 [2007]).

As to the owner, Great American issued no disclaimer. Although the failure to disclaim would not preclude Great American from asserting a lack of coverage on the basis of the completion of D & B's operations (*see Zappone v Home Ins. Co.*, 55 NY2d 131, 134 [1982]; *Elashker v Medical Liab. Mut. Ins. Co.*, 46 AD3d 966, 967 [2007]), its failure forfeits its affirmative defense of late notice (*see Hermitage Ins. Co. v Arm-ing, Inc.*, 46 AD3d at 621; *Mohawk Minden Ins. Co. v Ferry*, 251 AD2d 846, 848 [1998]). Accordingly, Supreme Court properly denied Great American's motion on this ground and granted plaintiff's cross motion to dismiss Great American's defense of late notice.

---

* While Great American also argues that there was no CGL coverage because construction of the deck was pursuant to a change order which did not provide for additional insureds, this argument was not preserved (*see #1 Funding Ctr., Inc. v H & G Operating Corp.*, 48 AD3d 908, 910 n [2008]; *Goodspeed v Adirondack Med. Ctr.*, 43 AD3d 597, 598 [2007]; *Prince v 209 Sand & Gravel, LLC*, 37 AD3d 1024, 1026 [2007]).

As to Pike, Great American did not disclaim until approximately six months after receiving notice of its claim under the CGL policy and seven months after notice of its claim under the OCP policy. Nor has Great American sought to explain its delay. Even though Pike's notices of claim were late, we agree with Supreme Court that the disclaimers are untimely as a matter of law and Great American cannot deny coverage based upon late notice (*see First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d 64, 70 [2003]; *Matter of Nationwide Mut. Ins. Co. v Steiner*, 199 AD2d 507, 508 [1993]; *Matter of State Farm Mut. Auto. Ins. Co. [Merrill]*, 192 AD2d 824, 825 [1993]). In any event, Great American's failure to specifically disclaim upon the basis of Pike's late notice further precludes it from raising lateness as a defense to Pike's claim under its policies (*see General Acc. Ins. Group v Cirucci*, 46 NY2d 862, 864 [1979]; *Haslauer v North Country Adirondack Coop. Ins. Co.*, 237 AD2d 673, 674 [1997]).

Great American's remaining arguments have been reviewed and found to be unavailing.

Cardona, P.J., Carpinello, Malone Jr. and Stein, JJ., concur. Ordered that the order is affirmed, with one bill of costs.