■ MICHAEL SAITTA, Plaintiff, v NEW YORK CITY TRANSIT AUTHORITY et al., Defendants. NEW YORK CITY TRANSIT AUTHORITY et al., Defendants. NEW YORK CITY TRANSIT AUTHORITY et al., Third-Party Plaintiffs-Respondents, v ALLIANZ INSURANCE COMPANY, Third-Party Defendant-Appellant, et al., Third-Party Defendant. [866 NYS2d 62]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered January 9, 2008, which, in a third-party action seeking a declaration that third-party defendant insurer (Allianz) is obligated to defend and indemnify third-party plaintiffs additional insureds (collectively the Transit Authority) in the main action for personal injuries brought by an employee of Allianz's named insured, granted the Transit Authority's motion for summary judgment, unanimously affirmed, with costs.

It should have been apparent to Allianz that all of the information it needed to issue a denial of coverage was contained in the enclosures forwarded by the Transit Authority along with its notice of the accident, including that the Transit Authority's claim arose out of the work of Allianz's named insured, that the injured person was an employee of the named insured, and that the Transit Authority's notice of the accident was untimely. Accordingly, Allianz's nearly four-month delay in disclaiming coverage, measured from its receipt of the Transit Authority's notice of the accident, was unreasonable as a matter of law, absent a reasonable explanation for the delay (*see First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d 64, 68-69, 70 [2003]). It does not avail Allianz to argue that it was not required to limit its investigation to the Transit Authority's delay, where its claims examiner could not say, at her deposition, what other grounds for denying coverage were investigated. Concur—Lippman, P.J., Andrias, Saxe, Sweeny and DeGrasse, JJ.