■ STILLWATER CENTRAL SCHOOL DISTRICT et al., Respondents, v GREAT AMERICAN E & S INSURANCE COMPANY, Appellant. [887 NYS2d 719]—

Kane, J. Appeal from an order of the Supreme Court (Wil-

liams, J.), entered September 4, 2008 in Saratoga County, which, among other things, granted plaintiffs' motion for summary judgment.

Plaintiffs initiated this action seeking a declaration that defendant had a duty to defend and indemnify plaintiff Stillwater Central School District in an underlying action. The original action arose out of a spectator's fall from bleachers on a football field owned by the school district. Stillwater Battle, a youth football team which is a member of the Northeast Youth Football League (hereinafter NYFL), applied to use the school district's football field. The school district granted Battle's request contingent upon proof of insurance. Battle provided the school district with a certificate of insurance listing defendant as the insurer and the school district as an additional insured for one year. At a later date, Mechanicville Junior Red Raiders, another team also a member of the NYFL, requested to use the school district's field. The school district granted the Junior Red Raiders' request contingent upon proof of insurance. The Junior Red Raiders' coach responded that the school district should already have a certificate of insurance from defendant, the NYFL carrier, because Battle is a member of the NYFL. The school district agreed, and a second certificate of insurance was neither sought by the school district nor provided by the Junior Red Raiders. The injured spectator attributed her fall at a Junior Red Raiders game to the negligence of the school district, and commenced a suit against it to recover for her injuries.

Relying on the certificate of insurance, the school district issued a letter, through its own insurance carrier, demanding that defendant defend and indemnify the school district against the injured spectator's claim. Defendant's failure to defend or issue a written disclaimer or denial of coverage led the school district to implead the NYFL in the underlying action. Subsequently, the NYFL and the school district settled directly with the spectator. Thereafter, plaintiffs commenced the instant action and moved for summary judgment on the ground that defendant was contractually obligated to defend and indemnify the school district in the underlying action. Defendant cross-moved for summary judgment seeking a declaration that it had no duty to defend the school district. Supreme Court granted plaintiffs' motion and denied the cross motion. Defendant now appeals.

Defendant contends that Battle's application to the school district limits NYFL's insurance coverage to the individual team listed on the application. As "[t]he party claiming insurance coverage," the school district has the burden of proving entitlement to the coverage (*National Abatement Corp. v National*

*Union Fire Ins. Co. of Pittsburgh, Pa.*, 33 AD3d 570, 570 [2006]; *see Consolidated Edison Co. of N.Y. v Allstate Ins. Co.*, 98 NY2d 208, 218, 220 [2002]). The insurance policy issued by defendant names as insureds the "association and its member teams, [and] leagues." The NYFL is a league within a larger group known as the National Recreation and Park Association, which is the association referenced in the policy. The team playing on the day of the incident was a member of the NYFL, as was the team listed on the original application. Neither the policy nor the certificate of insurance specifically lists or excludes any particular team. Any ambiguity as to which team or teams the certificate of insurance covers must be resolved in favor of the insured and against the insurer (*see Westview Assoc. v Guaranty Natl. Ins. Co.*, 95 NY2d 334, 340 [2000]; *Matter of Progressive Ins. Cos. [Nemitz]*, 39 AD3d 1121, 1122 [2007]). Therefore, the ambiguity in coverage of NYFL teams is construed in favor of plaintiffs to include the teams playing on the day of the underlying incident.

An endorsement within the policy issued by defendant satisfies the school district's burden of proving its entitlement to coverage. The endorsement modifies the policy "to include as an additional insured any person or organization . . . [who is or are] 1. Owners and/or lessors of the premises leased, rented, or loaned to [the NYFL]," subject to certain exclusions. The school district is the owner of the football field and bleachers that were loaned to a youth football team that was a member of the NYFL. Therefore, according to this endorsement, the school district is an additional insured under the NYFL policy.

An exclusion within the aforementioned endorsement states that "[t]his insurance does not apply to any design defect or structural maintenance of the premises by or on behalf of the owner and/or lessor." The next sentence states that "this insurance does not apply to the sole negligence of such 'Additional Insured.' " In the underlying complaint, the injured spectator alleged that her injuries were attributable solely to the school district's negligent design defects and structural maintenance. These allegations trigger the above exclusions, but do not preclude the school district from coverage under the circumstances here. Because the school district is an additional insured, in order for the design defect or sole negligence exclusions to preclude coverage the insurer was required to send written notice to plaintiffs, within a reasonable time, disclaiming coverage due to those exceptions (*see* Insurance Law § 3420 [d]; *Markevics v Liberty Mut. Ins. Co.*, 97 NY2d 646, 649 [2001]; *Matter of Worcester Ins. Co. v Bettenhauser*, 95 NY2d 185, 190 [2000]). Here, defendant orally disclaimed coverage over the phone to plaintiffs' counsel, without specifically mentioning the

grounds for noncoverage. Without a written disclaimer referencing the specific reasons for the denial, defendant waived any reliance on the policy exclusions it now raises.

Likewise, by failing to send a disclaimer citing the timeliness of plaintiffs' notices, defendant waived its right to a defense based on the allegedly late notices (*see* Insurance Law § 3420 [d]; *One Beacon Ins. v Travelers Prop. Cas. Co. of Am.*, 51 AD3d 1198, 1200 [2008]; *Hermitage Ins. Co. v Arm-ing, Inc.*, 46 AD3d 620, 621 [2007]). Defendant's remaining arguments have been reviewed and found to be unavailing.

Peters, J.P., Rose, Lahtinen and Malone Jr., JJ., concur. Ordered that the order is affirmed, with costs.