■ SCOTT MCLAUGHLIN TRUCK & EQUIPMENT SALES, INC., et al., Respondents, v SELECTIVE INSURANCE COMPANY OF AMERICA, Appellant, and WILLIAM W. WINCHELL SR., as Parent and Guardian of WILLIAM W. WINCHELL JR., an Infant, Respondent. [893 NYS2d 297]—

Mercure, J.

William W. Winchell Jr. was injured in 2001 when plaintiff Jeff Paris, an employee of plaintiff Scott McLaughlin Truck & Equipment Sales, Inc., mistakenly lowered a trailer onto Winchell's right foot. McLaughlin's liability insurance carrier, defendant Selective Insurance Company of America, was not notified of the accident until 2005. Selective disclaimed coverage, asserting that McLaughlin had not provided timely notice of the incident.

Not long after, Winchell's father, defendant William W. Winchell Sr. (hereinafter the father), commenced a personal injury action against plaintiffs. Plaintiffs then commenced this action against defendants, seeking a declaration that Selective must indemnify and defend them in the father's action. Following joinder of issue and discovery, plaintiffs and the father separately moved, and Selective cross-moved, for summary judgment. Supreme Court granted plaintiffs' and the father's motions, determining that McLaughlin provided timely notice of the claim and that Selective's disclaimer of coverage was untimely, and Selective now appeals.

We affirm. It is well settled that, "if an insurer does not disclaim coverage in writing to the insured as soon as is reasonably possible, it is precluded from disclaiming coverage based upon late notice" (*One Beacon Ins. v Travelers Prop. Cas. Co. of Am.*, 51 AD3d 1198, 1200 [2008]; *see* Insurance Law § 3420 [former (d)]; *First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d 64, 67 [2003]; *Hartford Ins. Co. v County of Nassau*, 46 NY2d 1028, 1029 [1979]). This is true even if, as Selective claims, McLaughlin's notice of the claim was, in fact, untimely (*see Matter of New York Cent. Mut. Fire Ins. Co. v Aguirre*, 7 NY3d 772, 774 [2006]; *First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d at 67; *Tex Dev. Co., LLC v Greenwich Ins. Co.*, 51 AD3d 775, 778 [2008]). The timeliness of Selective's disclaimer is measured from the moment when it first learned of the grounds for disclaimer—i.e., that McLaughlin's notice of claim was arguably late (*see Continental Cas. Co. v Stradford*, 11 NY3d 443, 449 [2008]; *Matter of New York Cent. Mut. Fire Ins. Co. v Aguirre*, 7 NY3d at 774).

Here, Selective was first made aware of the claim in a May 26, 2005 fax which set out the facts of the claim and included a note from McLaughlin's insurance agent that, to his knowledge, the claim had not been previously reported. Selective did not disclaim on the ground of late notice, however, until July 26, 2005. The burden of justifying that two-month delay in disclaiming rests with Selective and, while the timeliness of such a disclaimer generally presents a question of fact, "an insurer's explanation is insufficient as a matter of law where the basis for denying coverage was or should have been readily apparent before the onset of the delay" (*First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d at 69; *see Continental Cas. Co. v Stradford*, 11 NY3d at 449; *Matter of New York Cent. Mut. Fire Ins. Co. v Aguirre*, 7 NY3d at 774). Selective asserts that difficulties in its investigation of the claim caused the delay, but does not explain why—given the facts made known to it in the May 26, 2005

fax—anything beyond a cursory investigation was necessary to determine whether McLaughlin had timely notified it of the claim. As Selective failed to show "that the delay . . . was reasonably related to its completion of a thorough and diligent investigation," its explanation for the delay was legally insufficient and Supreme Court properly granted plaintiffs' and the father's motions for summary judgment (*Schulman v Indian Harbor Ins. Co.*, 40 AD3d 957, 958 [2007]; *see Hartford Ins. Co. v County of Nassau*, 46 NY2d at 1029-1030; *Saitta v New York City Tr. Auth.*, 55 AD3d 422, 423 [2008]; *Uptown Whole Foods v Liberty Mut. Fire Ins. Co.*, 302 AD2d 592, 593 [2003]; *Mohawk Minden Ins. Co. v Ferry*, 251 AD2d 846, 848 [1998]).

Cardona, P.J., Spain, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, with one bill of costs.