■ How Shim Yu, Appellant, v General Security Insurance Co., Respondent. [938 NYS2d 551]—

This is an action pursuant to Insurance Law § 3420 (a) (2) by an injured person (plaintiff) against the insurer (defendant) of a tortfeasor (nonparty Lep Keng Corp.), which has not satisfied a judgment against it in plaintiff's favor. It is undisputed that Lep Keng's notice to defendant was late. However, "[a]n insurer's failure to provide notice as soon as is reasonably possible precludes effective disclaimer, even [where] the policyholder's own notice of the incident to its insurer is untimely" (*Matter of New York Cent. Mut. Fire Ins. Co. v Aguirre*, 7 NY3d 772, 774 [2006] [internal quotation marks and citation omitted]).

Defendant learned by August 27, 2004, at the latest, that plaintiff served the summons and complaint in the underlying personal injury action on the Secretary of State on December 31, 2001, that the Secretary of State had sent the documents to the address on file for Lep Keng, and that the documents had been returned unclaimed. Thus, defendant was aware by that date "of the grounds for disclaimer of liability or denial of coverage" (*id.* [internal quotation marks and citation omitted]). Nevertheless, it did not disclaim until July 18, 2007, almost three years later, a delay that is unreasonable as a matter of law (*see e.g. First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d 64, 66 [2003]). Defendant's contention that it had to wait until the motion court in the underlying action confirmed the Special Referee's finding that Lep Keng had deliberately left mail unclaimed, is unavailing (*see Republic Franklin Ins. Co. v Pistilli*, 16 AD3d 477, 479 [2005]).

In light of the above disposition, we do not reach the parties' remaining arguments. Concur—Tom, J.P., Saxe, Sweeny, Richter and Manzanet-Daniels, JJ.