(May 17, 2012)

■ How SHIM YU, Appellant, v GENERAL SECURITY INSURANCE Co., Respondent. [948 NYS2d 1]—

---

Order, Supreme Court, New York County (Richard F. Braun, J.), entered June 21, 2010, which granted defendant's motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for summary judgment, unanimously reversed, on the law, with costs, the motion denied, the cross motion granted, and the matter remanded for further proceedings consistent herewith.

This is an action pursuant to Insurance Law § 3420 (a) (2) by an injured person (plaintiff) against the insurer (defendant) of a tortfeasor (nonparty Lep Keng Corp.), which has not satisfied a judgment against it in plaintiff's favor. It is undisputed that Lep Keng's notice to defendant was late. However, "[a]n insurer's failure to provide notice as soon as is reasonably possible precludes effective disclaimer, even [where] the policyholder's own notice of the incident to its insurer is untimely" (*Matter of New York Cent. Mut. Fire Ins. Co. v Aguirre*, 7 NY3d 772, 774 [2006] [internal quotation marks omitted]).

Defendant learned by August 27, 2004, at the latest, that plaintiff served the summons and complaint in the underlying personal injury action on the Secretary of State on December 31, 2001, that the Secretary of State had sent the documents to the address on file for Lep Keng, and that the documents had been returned unclaimed. Thus, defendant was aware by that date "of the grounds for disclaimer of liability or denial of coverage" (*id.* [internal quotation marks omitted]). Nevertheless, it did not disclaim until July 18, 2007, almost three years later, a delay that is unreasonable as a matter of law (*see e.g. First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d 64, 66 [2003]). Defendant's contention that it had to wait until the motion court in the

underlying action confirmed the Special Referee's finding that Lep Keng had deliberately left mail unclaimed, is unavailing (*see Republic Franklin Ins. Co. v Pistilli*, 16 AD3d 477, 479 [2005]).

Because neither the motion papers below nor the briefs on appeal addressed the amount of the judgment that should be entered and whether interest should be assessed, the matter should be remanded for further proceedings.

In light of the above disposition, we do not reach the parties' remaining arguments.

The decision and order of this Court entered herein on February 23, 2012 (92 AD3d 568 [2012]) is hereby recalled and vacated (*see* 2012 NY Slip Op 73495[U] [2012] [decided simultaneously herewith]). Concur—Tom, J.P., Saxe, Sweeny, Richter and Manzanet-Daniels, JJ.