*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 6, 2014                    517986
_____

VERMONT MUTUAL INSURANCE
    COMPANY, INC.,
                        Appellant,

         v                                    MEMORANDUM AND ORDER

MOWERY CONSTRUCTION, INC.,
                        Defendant,
         and

JAMES CIUFFO,
                        Respondent.
_____

Calendar Date:   September 8, 2014

Before:  McCarthy, J.P., Rose, Egan Jr., Devine and Clark, JJ.

                        _____


        Brennan & White, LLP, Queensbury (Daniel J. Stewart of
counsel), for appellant.

        Conway & Kirby, LLP, Latham (Andrew Kirby of counsel), for
respondent.

                        _____


Devine, J.

        Appeal from an order of the Supreme Court (Krogman, J.),
entered February 13, 2013 in Warren County, which granted a
motion by defendant James Ciuffo for, among other things, summary
judgment dismissing the complaint against him.

        In 2005, defendant James Ciuffo sustained a personal injury
while he worked on a construction project operated by defendant
Mowery Construction, Inc. (hereinafter defendant).  Although
defendant's owner and president, Bruce Mowery (hereinafter

Mowery), became aware of the incident on the date that it occurred, he did not report it to plaintiff, defendant's liability insurer, until Ciuffo commenced a negligence action against defendant more than two years later. After plaintiff received notice of defendant's claim and the negligence action from defendant's insurance agent, it conducted an investigation into the circumstances underlying defendant's failure to timely notify it of the claim under the liability policy and, thereafter, sent defendant a reservation of rights letter stating that it would provide a defense in the negligence action, but was reserving its right to disclaim coverage and discontinue its defense if it determined that Mowery did not have a good faith belief that defendant was not obligated to notify plaintiff of the accident. Less than a month later, plaintiff commenced this declaratory judgment action seeking, among other things, a declaration that it was not required to defend or indemnify defendant due to Mowery's untimely notice of claim. Issue was joined and plaintiff moved to amend the complaint to assert a new ground to justify its disclaimer, the denial of which motion by Supreme Court was affirmed by this Court (96 AD3d 1218 [2012]). Ciuffo subsequently moved for, and was granted, summary judgment dismissing the complaint against him and a declaration requiring plaintiff to indemnify and defend defendant in his negligence action.[1] Plaintiff appeals, and we now affirm.

Plaintiff argues that Supreme Court erred in finding that its disclaimer was untimely as a matter of law, inasmuch as its investigation of Mowery's contention of defendant's nonliability provided a reasonable basis for such delayed notice to its insured. An insurer's decision to disclaim liability insurance coverage must be given to the insured, in writing, as soon as is reasonably practicable, "failing which the disclaimer or denial will be ineffective" (Mohawk Minden Ins. Co. v Ferry, 251 AD2d 846, 847 [1998]; see Insurance Law § 3420 [d] [2]; One Beacon

---

[1] Supreme Court's order granting Ciuffo's motion for summary judgment dismissing the complaint rendered that part of Ciuffo's motion to compel disclosure moot (see e.g. Manculich v Dependable Auto Sales & Serv., Inc., 39 AD3d 1070, 1071 [2007]; Henness v Lusins, 229 AD2d 873, 873 [1996]).

Ins. v Travelers Prop. Cas. Co. of Am., 51 AD3d 1198, 1200 [2008]; Hess v Nationwide Mut. Ins. Co., 273 AD2d 689, 690 [2000]). While the timeliness of an insurer's notice of disclaimer generally raises an issue of fact for a jury to decide, where, as here, the basis for a disclaimer "was or should have been readily apparent before the onset of the delay," the delay will be found to be unreasonable as a matter of law (First Fin. Ins. Co. v Jetco Contr. Corp., 1 NY3d 64, 69 [2003]; see Continental Cas. Co. v Stradford, 11 NY3d 443, 449 [2008]; Scott McLaughlin Truck & Equip. Sales, Inc. v Selective Ins. Co. of Am., 68 AD3d 1619, 1620 [2009]). "Reasonableness of delay is measured from the time when the insurer learns of sufficient facts upon which to base the disclaimer" (McEachron v State Farm Ins. Co., 295 AD2d 685, 685 [2002] [citation ommitted]; see First Fin. Ins. Co. v Jetco Contr. Corp., 1 NY3d at 68-69; Hunter Roberts Constr. Group, LLC v Arch Ins. Co., 75 AD3d 404, 409 [2010]).

After it received written notice of defendant's general liability insurance claim on January 4, 2008, upon which claim form the date of Ciuffo's accident was circled and an annotation was included that "Late Notice" of such claim was at issue, plaintiff retained adjuster Walter Quillinan to conduct an investigation to determine when Mowery first learned of Ciuffo's injury. Quillinan interviewed Mowery and provided plaintiff with a written report, dated January 15, 2008, which confirmed that, although Mowery knew that Ciuffo had been injured on the date that the accident occurred, he did not believe that plaintiff needed to be notified of the incident because Ciuffo was a subcontractor and not defendant's employee. Quillinan's report further indicated that Mowery's attorney had "pressed" him to confirm whether plaintiff would be providing defendant with a defense in Ciuffo's personal injury action, and specifically requested that plaintiff "review the facts presented" and make a prompt decision. Although Quillinan's report provided plaintiff with sufficient information upon which a disclaimer would be soundly based (see Pav-Lak Indus., Inc. v Arch Ins. Co., 56 AD3d 287, 287-288 [2008]; Those Certain Underwriters at Lloyds, London v Gray, 49 AD3d 1, 5 [2007]; Squires v Marini Bldrs., 293 AD2d 808, 810 [2002], lv denied 99 NY2d 502 [2002]), plaintiff made no disclaimer, but instead retained an attorney to further

investigate the circumstances of Mowery's untimely notice of claim.  This was wholly unnecessary as defendant's claim was not factually complicated, nor did plaintiff encounter any obstacles in conducting its investigation such that further inquiries were required (see Raner v Security Mut. Ins. Co., 102 AD3d 485, 486 [2013]; Hunter Roberts Constr. Group v Arch Ins. Co., 75 AD3d at 410).  Even after receiving the attorney's summary, which ostensibly equipped it with sufficient facts to issue a written disclaimer, plaintiff instead sent defendant a reservation of rights letter, which does not serve as "a substitute for the required notice of disclaimer" (Allcity Ins. Co. v Pioneer Ins. Co., 194 AD2d 424, 424 [1993]; see Hartford Ins. Co. v County of Nassau, 46 NY2d 1028, 1029-1030 [1979]).  Under these circumstances, we find that Ciuffo established his entitlement to summary judgment by demonstrating that plaintiff failed to notify defendant of its disclaimer "'as soon as is reasonably possible'" (Okumus v National Specialty Ins. Co., 112 AD3d 797, 798 [2013], quoting Insurance Law § 3420 [d] [2]).  We further find that plaintiff failed to raise a triable issue of fact regarding whether the delay in disclaiming coverage was justified by the need for further investigation and, thus, was not unreasonable as a matter of law (see First Fin. Ins. Co. v Jetco Contr. Corp., 1 NY3d at 70; Okumus v National Specialty Ins. Co., 112 AD3d at 798; Scott McLaughlin Truck & Equip. Sales, Inc. v Selective Ins. Co. of Am., 68 AD3d at 1620-1621; Schulman v Indian Harbor Ins. Co., 40 AD3d 957, 958-959 [2007]; Squires v Marini Bldrs., 293 AD2d at 810).

McCarthy, J.P., Rose, Egan Jr. and Clark, JJ., concur.


ORDERED that the order is affirmed, with costs.


ENTER:

Robert D. Mayberger
Clerk of the Court